■ In the Matter of EVERETT S and Another, Children Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HELEN T, Appellant.—Appeal from an order of the Family Court of St. Lawrence County, entered March 24, 1977, which, among other things, granted petitions by the respondent for the guardianship and custody of two of appellant's children and extended the placement with respondent of two other children of the appellant. The primary contentions of the appellant on this appeal are (1) that the former subdivision 7 of section 384 of the Social Services Law was unconstitutional and (2) that the record does not support the disposition of the trial court. Neither claim has merit. The former subdivision 7 of section 384 of the Social Services Law, under which the trial court ordered that the guardianship and custody of Bonnie and Brenda S be committed to respondent, provided that such order could be made without the consent of the parent provided a showing of mental illness or mental retardation had been made. Paragraph (c) of subdivision 7 of the same section provided: " 'Mental retardation' means subaverage intellectual functioning which originates during the developmental period and is associated with impairment in adaptive behavior to such an extent that if such child were placed in or returned to the custody of the parent, the child would be in danger of becoming a neglected child as defined in the family court act." This statute has been enacted in essentially the same terms as section 384-b (subd 6, par [b]) of the Social Services Law. The first constitutional challenge is that a finding of mental retardation under the statute violated appellant's right to trial by jury. Appellant has cited no authority indicating that this State has ever recognized a right to a jury trial on the issue of mental competence apart from a case, such as *Sporza v German Sav. Bank* (192 NY 8), where such finding would result in a deprivation of physical liberty (cf. NY Const, art I, § 2). We believe that the procedures of the former section 384 of the Social Services Law fully afforded to appellant her due process rights. The claim that the subject statute is unconstitution-

ally vague is, from a reading of the language, without merit. The final constitutional argument is that the former section 384 of the Social Services Law required a finding by the trial court, absent in this case, that the respondent had made diligent efforts to strengthen the parental relationship or shown that such efforts would have been detrimental to the children. This argument is met by *Matter of Anonymous (St. Christopher's Home)* (40 NY2d 96), which laid to rest any argument that this requirement, applicable to neglect proceedings under article 6 of the Family Court Act, also applied to proceedings under section 384 of the Social Services Law. Addressing appellant's attacks upon the factual determinations of the trial court, we conclude that these findings are amply supported by the record. Rather than supporting the claim of prejudice advanced by the appellant, the trial court's long-standing familiarity with the interested parties provides an additional basis for our acceptance of its findings. On the basis of, among other evidence in the record, the testimony of a physician and a certified psychologist (former Social Services Law, § 384, subd 7, par [g]), the court found that, despite appellant's emotional attachment for her children, "During the periods of time when the mother was left in the care of her children she functioned in a childlike manner unable to comprehend or deal with day-to-day problems of child raising with a result that by and large the children provided for their own needs as best they could and in the process of so doing cared for their mother". The record supports these findings and, in view of the ages of the children, we find that the dispositions of the trial court were in their best interests. We have considered the remaining contentions of the appellant and found them to be without merit. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.