OPINION OF THE COURT
Ralph Diamond, J.
This is a case of first impression as to whether the recent Court of Appeals decision in Matter of Shelia G. (61 NY2d 368) applies to termination proceedings based upon mental retardation. The Matter of Shelia G. decision involved a termination petition based upon permanent neglect. The current petition before the court is for termination of parental rights based upon mental retardation. This court finds that it must evaluate as a threshold matter whether the agency has exercised diligent efforts to encourage and strengthen the parental relationship.
The proceeding in Matter of Shelia G. (supra) was commenced by a petition in the Family Court against the natural parents for a determination that the child was a permanently neglected child; that the parents’ rights be terminated and that the child be made available for adoption pursuant to subdivision 1 of section 614 of the Family Court Act and section 384-b (subd 4, par [d]) of the Social Services Law. The petition in the herein matter seeks the same relief, but is brought pursuant to section 384-b (subd 4, par [c]) of the Social Services Law, based upon mental retardation.
The court in Matter of Shelia G. (supra, p 373) stated: “When a child-care agency has custody of a child and *544 brings a proceeding to terminate parental rights on the ground of permanent neglect, it must affirmatively plead in detail and prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to strengthen the parent-child relationship and to reunite the family. Only when this duty has been deemed satisfied may a court consider and determine whether the parent has fulfilled his or her duties to maintain contact with and plan for the future of the child. In the instant proceeding, the petitioning agency presented nothing to establish that it had fulfilled its duty with respect to the subject child’s natural father. Consequently, the Family Court properly dismissed the petition insofar as it alleged that the child had been permanently neglected by her father.”
In reaching its decision, the Court of Appeals made reference to the Temporary State Commission on Child Welfare report, Barriers to the Freeing of Children for Adoption (1976 Report). The reasons set forth in this report which led to the revamping of statutes relating to the termination of parental rights (see L 1976, ch 666) apply to cases involving mental retardation and mental illness. As a matter of fact, parents suffering from mental retardation or mental illness require more skill, tolerance, understanding and compassion by the agency than the average parent.
The court wishes to further note that the Legislature, in setting its statement of legislative findings and intent in section 384-b (subd 3, par [g]) of the Social Services Law, clearly stated that termination “shall be granted only upon a finding that one or more of the grounds specified in subdivision four are based upon clear and convincing proof.” Paragraph (c) of subdivision 4 lists mental retardation and mental illness as grounds for termination.
This court held a hearing on the herein termination petition. At the close of the petitioner’s case, the court granted the respondent’s motion to dismiss the petition. The court’s order of dismissal was based upon its findings that the child-care agency had not fulfilled its statutory duty to exercise diligent efforts to strengthen the parent-child relationship and to reunite the family. The court further concluded that to some degree, the respondent *545 mother is retarded as defined in section 384-b (subd 6, par [b]) of the Social Services Law. The issue as to the respondent parents’ ability to provide adequate care was never explored during the hearing because the court found that the petitioner at the conclusion of its case, failed to meet its burden of proving by clear and convincing evidence that the agency had met its statutory responsibilities.
The court, therefore, reaffirms its decision to dismiss the herein termination petition.