■ In the Matter of JAMIE V., Alleged to be a Neglected Child. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MURRAY V. et al., Appellants. — Yesawich, Jr., J. Appeal from an order of the Family Court of Broome County (Whiting, Jr., J.) entered August 2, 1984, which, *inter alia,* awarded temporary custody of respondents' child to petitioner after finding that the child was neglected.

Respondents are the natural parents of a child born on November 25, 1980. In May of 1984, petitioner commenced a proceeding to have the child found to be neglected within the meaning of Family Court Act § 1012 (f). The instances of neglect recited in the petition include the parents resorting to abnormal and overly severe disciplinary measures such as pulling the child's hair, throwing her, strapping the child to a chair to stop

her rocking and unexcused movements about the kitchen table, and locking the child — naked — in her room for several hours at a time. Additionally, because of allegedly inadequate supervision by the parents, the child required hospitalization after ingesting the parents' medication and again after falling into a chair and sustaining a severely lacerated scalp and multiple bruises about her legs and arms. The child was also quoted as identifying the father as the source of sexual abuse and the mother as inflicting physical injuries upon the child. The petition further asserted that the long-standing psychiatric problems of both parents (the father was diagnosed as mentally retarded and a pedophile and the mother as a chronic schizophrenic) contributed to their inability to properly attend to the child's physical, mental and emotional needs.

Although there were other serious allegations, it suffices to note the evidence developed at the fact-finding hearing convincingly substantiates the bulk of the charges and Family Court's conclusion that the child was, indeed, neglected. Significantly, at that hearing respondents directed their efforts more at rationalizing and explaining their conduct than denying it. But those explanations being, as they are, fraught with contradictions and inconsistencies, are not at all persuasive.

Following the dispositional hearing, the child was placed in petitioner's custody. At that hearing, the parents expressed a willingness to cooperate with the agency in seeking medical treatment for themselves and their child. This, they claim, demonstrates that removing the child from them was an unnecessarily extreme measure. They maintain that given their love and concern for the child, concurrent medical treatment and counseling of the family, as a unit at home, is all that is necessary.

We disagree. The parents' mental disorders and bizarre disciplinary measures have already adversely affected the child and continue to pose a danger to her welfare and physical well-being (*see,* Family Ct Act § 1012 [f]). Testimony of a clinical psychologist that the child suffers from a severe developmental disorder attributable to her home environment accentuates the need for the action taken by Family Court. It was this doctor's opinion that the specialized treatment the child required was far beyond what the parents were capable of furnishing and, further, that their home was not a conducive setting for that treatment. Since there was evidence that a period greater than one year would be necessary to remedy the different disorders afflicting the parents and child, removing the child for 18 months was entirely proper, for it reasonably serves the best interest of the child (*see, Matter of Rose B.,* 79 AD2d 1044).

Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.