■ In the Matter of the Guardianship of ALEXANDER L., an Infant. BIENVENIDA L., Respondent; CARDINAL McCLOSKEY CHILDREN'S AND FAMILY SERVICES, Appellant.—Order of the Family Court, New York County (Leah Marks, J.), entered July 27, 1984, which, inter alia, directed the court-appointed

psychiatrist not to inquire into respondent's past acts of a criminal nature or allegedly criminal nature, nor into the reasons for the presence of her attorney or into information given to him, in a court-ordered psychiatric examination and which directed that respondent's counsel shall attend this exam and act solely as an observer, except that counsel may object if the psychiatrist fails to follow the above limitation, is modified, on the law and the facts, without costs, so as to also allow counsel for the petitioner and the Law Guardian for the infant involved to be present at any such exam, solely as observers, subject to the aforementioned limitation and is otherwise affirmed.

In 1980, some five years ago, when the child was two years old, petitioner Cardinal McCloskey Children's and Family Services instituted a proceeding to terminate respondent Bienvenida L.'s parental rights due to respondent's chronic mental illness. Respondent has a long history of psychiatric hospitalization for chronic schizophrenia. When respondent appeared for her court-ordered psychiatric exam, she was accompanied by her attorney. Due to a mental health service policy, the court-appointed psychiatrist refused to conduct the examination with the attorney present. When respondent refused to proceed without her attorney, the court was forced to rely upon a written report from the psychiatrist based upon his viewing of respondent's hospital records and the psychiatrist's limited viewing of respondent. (*See,* Social Services Law § 384-b [6] [e].)

The Family Court's decision terminating respondent's parental rights was unanimously affirmed by this court (*Matter of Alexander L.,* 92 AD2d 755), but reversed by the Court of Appeals (60 NY2d 329, 335). The Court of Appeals ruled that respondent could have counsel present at her psychiatric exam, subject to limitation.

On remand, petitioner requested that each party's attorneys be permitted to attend respondent's psychiatric exam as passive observers. Respondent's attorney sought to be able to advise respondent of her right to refuse to answer questions on certain subjects. Judge Marks allowed only the respondent's attorney to be present, out of sight and to only interrupt if the psychiatrist inquired into certain restricted areas, covering attorney-client privilege and 5th Amendment rights.

We modify only to allow the attorneys for all parties to attend. This court has previously affirmed the right of a child's Law Guardian to have counsel present at a mental health examination in a termination proceeding. (*See, Matter*

*of Tanise B.,* 98 AD2d 689, *affg* 119 Misc 2d 30.) While permitting any outsiders to be present at a psychiatric examination may be self-defeating, the approach should be evenhanded. To refuse to allow petitioner's counsel and the Law Guardian to attend the exam could also give respondent's counsel an unfair advantage in a possible future cross-examination of the court-appointed psychiatrist. The order appealed from should be modified to allow attorneys for the petitioner and the Law Guardian to be present at the mental health examination of respondent. Concur—Kupferman, J. P., Ross, Carro, Fein and Lynch, JJ.