■ In the Matter of JAMMIE CC., Alleged to be a Child of Mentally Ill or Mentally Retarded Parents. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MURRAY CC. et al., Appellants.—Kane, J. Appeal from an order of the Family Court of Broome County (Esworthy, J.), entered January 19, 1988, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Jammie CC. as the child of mentally ill or mentally retarded parents, and terminated respondents' parental rights.

In 1984 petitioner commenced a proceeding against respondents seeking to have respondents' child found to be neglected (see, Family Ct Act art 10). As a result, petitioner was granted temporary custody of the child for 18 months. On appeal, this court upheld the award of custody (Matter of Jamie V., 111 AD2d 949). At the end of the 18-month period, the child's placement with petitioner was extended for another year. Thereafter, in 1987 petitioner commenced this proceeding to have respondents' parental rights terminated on the grounds of mental illness and/or mental retardation pursuant to Social Services Law § 384-b.

Family Court appointed a psychiatrist, Dr. Charles Ciolino, and a psychologist, Dr. Paul Tegtmeyer, to examine respondents. At the hearing, both Ciolino and Tegtmeyer testified, as did Dr. Raymond Romanczyk, a psychologist who headed the children's unit at the State University of New York at Binghamton. The child had been attending a program there since 1984. Testimony was also taken from, among others, respondents and another psychiatrist and psychologist. After the hearing, Family Court determined that respondents were both mentally ill and mentally retarded and terminated their parental rights. Respondents have appealed.

We turn first to respondents' claim that petitioner was required to allege and prove that it made diligent efforts to encourage and strengthen the parental relationship or show that such efforts would have been detrimental to the child. We have previously addressed this question and determined that the necessity of proving diligent efforts required in a permanent neglect proceeding is not required in a proceeding to terminate parental rights due to mental illness or mental retardation (Matter of Everett S., 62 AD2d 1069, 1070, lv denied 44 NY2d 647). The diligent efforts requirement in a neglect proceeding is specifically required by statute (see,

Social Services Law § 384-b [7] [a]). It is not, however, required by statute in a proceeding such as the one before us (see, Social Services Law § 384-b [6]), and we decline to read such a requirement into the statute (see, Matter of Anonymous [St. Christopher's Home], 40 NY2d 96, 102-103; Matter of L. Children, 131 Misc 2d 81, 89-91; but see, Matter of Viana Children, 124 Misc 2d 543).

We are also of the view that petitioner proved mental illness and mental retardation on respondents' part by the required clear and convincing evidence standard (see, Social Services Law § 384-b [3] [g]). Petitioner was required to prove that respondents were "presently and for the foreseeable future unable, by reason of mental illness or mental retardation, to provide proper and adequate care" for their child (Social Services Law § 384-b [4] [c]). On the question of mental retardation, Ciolino, Tegtmeyer and a third psychologist all diagnosed respondents as suffering from borderline subaverage intellectual functioning and based on their examinations concluded that the child was in danger of becoming neglected if returned to respondents. Petitioner therefore proved that respondents were mentally retarded (see, Social Services Law § 384-b [6] [b]). As to the question of mental illness, Ciolino, Romanczyk and a third psychologist all concurred that respondents were afflicted with chronic personality disorders which also indicated that the child would be neglected if returned to their custody. Therefore, it was proven by the requisite standard that respondents were mentally ill (see, Social Services Law § 384-b [6] [a]). The expert testimony also showed that respondents were unable now and for the foreseeable future to provide proper and adequate care for the child. The testimony showed that their conditions were chronic, both had a history of psychiatric admissions which indicated poor future prognosis, the stress of a child would only increase their problems and, even with supportive services, they would have great difficulty caring for the child resulting in possible harm to the child. The mother also exhibited a negative attitude toward treatment. Additionally, the father opined that the child had been taken away due to active behavior and not due to lack of supervision. Both were found to have little perception of the child's problems, and both stated that they thought that the experts were making "mountain[s] out of molehill[s]" with respect to the child. Based on the above, Family Court properly terminated respondents' parental rights and its decision should be affirmed.

We have considered respondents' remaining arguments and find them either unpreserved for review or lacking in merit.

Order affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.