■ In the Matter of ROSEMARY ZZ., Alleged to be the Child of a Mentally Ill Parent. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN A., Appellant.—Levine, J. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered October 27, 1987, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Rosemary ZZ. as the child of a mentally ill parent, and terminated respondent's parental rights.

Respondent is the adjudicated father of Rosemary ZZ., born out of wedlock in April 1985. The child was placed in foster care at birth and has remained there since. The child's mother has previously consented to the entry of an order committing the guardianship and custody of Rosemary permanently to petitioner. Respondent filed a petition for custody of Rosemary and thereafter petitioner commenced this proceeding pursuant to Social Services Law § 384-b seeking to terminate respondent's parental rights, alleging that respondent is not able to provide proper and adequate care for the child due to mental illness. An order was granted joining both petitions for trial. Thereafter respondent attended a court-ordered psychiatric examination which was conducted by Dr. Lokendra Singh, a psychiatrist.

At the hearing held before Family Court, petitioner offered the testimony of Singh and Maryanne Johnson, who was the caseworker assigned to Rosemary. Singh testified that respondent suffered from chronic undifferentiated schizophrenia. According to Singh, it would be difficult for respondent to raise a child because of his impaired perception and his refusal to take his medication. In addition, Singh noted that respondent had no familial support system and had a history of drinking alcohol and having temper outbursts. Singh further observed that respondent appeared to be unable to maintain his own personal hygiene or tend to other basic needs. Johnson testified that respondent had a "very rough temper" and poor personal hygiene. In addition, Johnson described an incident in which respondent told her that Rosemary had communicated with him through the television set, telling him that she wanted a doll for Christmas. Respondent, in support of his case, offered only his own testimony. Respondent testified that he could care for Rosemary and he also stated that one of the primary reasons he wanted custody was to get the child's mother to come back to live with him.

Family Court dismissed respondent's custody petition and committed guardianship and custody of Rosemary to peti-

tioner, permanently terminating respondent's parental rights based on its finding that respondent was not presently or for the foreseeable future capable of providing proper and adequate care for Rosemary due to his mental illness. This appeal by respondent ensued.

Respondent's first contention is that he was denied his right to have his attorney present during his court-ordered psychiatric examination in that neither Family Court nor his attorney informed him that he had such a right. There is nothing in the record to confirm respondent's claim that his attorney never advised him of his right to have counsel present at the court-ordered psychiatric exam and such matters dehors the record are not properly considered on appeal (see, Broida v Bancroft, 103 AD2d 88, 93). Moreover, case law holds that a respondent's failure to demand his attorney's presence at the exam is fatal to his claim (Matter of John Lawrence M., 142 AD2d 950, 951; see, Matter of Kevin R., 112 AD2d 462, 463, lv denied 67 NY2d 602). Thus, Family Court was under no obligation to inform him of this right or to obtain an explicit waiver on the record.

Respondent also contends that Family Court's decision must be reversed since petitioner failed to prove that it made diligent efforts to encourage and strengthen the parent-child relationship prior to the termination of respondent's parental rights. However, this court has recently held that such diligent efforts need not be shown in a proceeding to terminate parental rights due to mental illness (Matter of Jammie CC., 149 AD2d 822, 823). Respondent's final contention, that Family Court's decision was not supported by clear and convincing evidence, is also without merit.

Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.