■ In the Matter of WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JOHN FRANKLIN B., Respondent, v BARBARA M., Appellant. [627 NYS2d 63] —In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground that she is unable by reason of mental retardation to provide proper and adequate care for her child, the mother appeals from an order of the Family Court, Westchester County (Spitz, J.), dated July 13, 1993, which, after a hearing, terminated her parental rights and transferred guardianship and custody of the child to the

petitioner, the Westchester County Department of Social Services.

Ordered that the order is affirmed, without costs or disbursements.

In order to terminate parental rights on the ground of mental retardation, the petitioner must demonstrate by clear and convincing evidence that the parent is presently unable and will be unable in the foreseeable future to provide proper and adequate care for the child (see, Social Services Law § 384-b [4] [c]; *Matter of Joyce T.,* 65 NY2d 39).

Contrary to the mother's contention, we find that the petitioner sustained its burden in this case. Significantly, the petitioner's expert witness, a psychologist specializing in the area of developmental disabilities, testified that the mother's cognitive limitations and poor language skills prevent her from mastering and retaining the basic parenting skills that are required to properly care for her son, a child with special needs who, like his mother, is mildly retarded. The psychologist also testified that the mother's limited intellectual ability prevents her from providing the child with the guidance and direction that is needed to effectively control his significant emotional and behavioral problems. In addition, the psychologist expressed concern about the mother's ability to ensure that the child receives the proper medication for his seizures. The court-appointed psychiatrist who examined and evaluated the mother found that her long-term chronic mental retardation, coupled with a schizoid personality disorder, prevents her from functioning "in even a minimally safe and effective fashion as a single mother to her son." Under these circumstances, the Family Court's finding that the mother is presently unable and will be unable in the foreseeable future to provide proper and adequate care for the child is supported by the record (see, *Matter of Karen Y.,* 156 AD2d 823; *Matter of Joyce T., supra).*

We have examined the mother's remaining contentions and find that they are without merit. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.