■ ETHEL L. MOORE et al., Respondents-Appellants, v AMY M. GEMEREK, Appellant-Respondent. [635 NYS2d 402] —Order unanimously affirmed without costs. Memorandum: There is no merit to defendant's contention that Supreme Court abused its discretion by ordering that plaintiffs' counsel review the records of plaintiff Ethel L. Moore's general practitioner, Dr. Holmes, and provide any and all relevant and material information to defendant's counsel. Medical records and reports pertaining to the diagnosis and treatment of plaintiff Ethel Moore in this personal injury action are material and necessary to the defense and are therefore discoverable *(see, Pizzo v Bunora,* 89 AD2d 1013, 1014; CPLR 3101). Defendant, however, has asserted no basis for entitlement to unrelated medical records and reports. It is well established that "the trial court is vested with broad discretionary powers in supervising disclosure, and absent an abuse of discretion, the court's control of disclosure should not be disturbed" *(Dale v Emerson Elec. Co.,* 219 AD2d 815; *see, Dunlap v United Health Servs.,* 189 AD2d 1072, 1073).

The court did not err in denying plaintiffs' cross motion for summary judgment on the issue of liability. Plaintiffs' own submissions on the motion raised an issue of fact concerning the traffic control device in place at the intersection where the accident occurred, rendering summary judgment inappropriate *(see, Andre v Pomeroy,* 35 NY2d 361, 364). (Appeals from Order

of Supreme Court, Erie County, Sconiers, J.—Discovery.) Present—Denman, P. J., Green, Fallon, Doerr and Boehm, JJ.