■ THOMAS P. PENDERGAST, Respondent, v CONSOLIDATED RAIL CORPORATION, Also Known as CONRAIL, Appellant. [665 NYS2d 132] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied that portion

of defendant's motion seeking to compel a physical examination of plaintiff and properly granted that portion of plaintiff's motion seeking a protective order with respect to the physical examination of plaintiff. Plaintiff commenced this personal injury action in 1992. In December 1993, plaintiff's counsel served a notice fixing the time and place for a physical examination of plaintiff. Thereafter, at defendant's request, plaintiff submitted to a physical examination by a neurologist. He appeared for a second physical examination on February 9, 1994, but the physician selected by defendant aborted the examination, objecting to the presence of a nurse representative of plaintiff's counsel. Defendant did not move to compel further examinations until July 1996, following the filing of the note of issue in June 1996.

The right to the presence of a legal representative at a physical examination is well established; "[a]part from questions of modesty, there is good ground for a party's insisting that his or her doctor or attorney be present at the examination. The information about the way the examination was conducted may be helpful on cross-examination. Moreover, the practice reduces the possibility of misleading medical reports" (6 Weinstein-Korn-Miller, NY Civ Prac ¶ 3121.07, at 31-566). A timely request for re-examination, under appropriate circumstances, would have been permissible (*see, Jakubowski v Lengen,* 86 AD2d 398). However, defendant waited 2½ years after the aborted examination to move to compel further examination, and did not bring that motion until after the note of issue had been filed. Under the circumstances of this case, we conclude that the court did not err with respect to the physical examination of plaintiff.

The court erred, however, in denying that portion of defendant's motion seeking a psychiatric examination of plaintiff. Defense counsel did not have notice of plaintiff's alleged psychiatric damages until shortly before plaintiff filed the note of issue. Under the circumstances of this case, a psychiatric examination of plaintiff should be permitted (*see, Buerger v County of Erie,* 101 AD2d 1025). We modify the order, therefore, by granting that portion of defendant's motion for a psychiatric examination of plaintiff, such examination to be completed within 60 days of service of the order of this Court (*see,* 22 NYCRR 1000.17 [b]). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Discovery.) Present—Pine, J. P., Lawton, Hayes, Callahan and Boehm, JJ.