■ MS PARTNERSHIP, Respondent, v WAL-MART STORES, INC., Appellant, et al., Defendants. [709 NYS2d 290] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied those parts of the cross motion of Wal-Mart Stores, Inc. (defendant) seeking to compel a further deposition of Mark Perlbinder, a principal of plaintiff, and to compel a deposition of Stephen Perlbinder, the other principal of plaintiff. At his deposition, Mark Perlbinder conceded that he has extensive experience in real estate development matters; that he viewed the plans and specifications for the building leased to defendant prior to its purchase by plaintiff; and that neither he nor any person at his direction inspected the building prior to its purchase. Absent an abuse of discretion, we will not disturb the court's control of the discovery process (see, Moore v Gemerek, 222 AD2d 1064; see also, Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406; CPLR 3101 [a]). The court did not abuse its discretion in determining that defendant failed to establish that the information sought at the further deposition of Mark Perlbinder concerning business transactions unrelated to the litigation is material or necessary (see, Kern v City of Rochester [appeal No. 1], 267 AD2d 1026). Nor did the court abuse its discretion in determining that Stephen Perlbinder had no knowledge of the facts underlying the lawsuit and therefore was not required to submit to a deposition.

Defendant contends that, in granting plaintiff's motion to compel, the court thereby required it to produce for deposition former employees or other persons not within its control. We disagree. The court issued a decision and order (one document) that directs defendant to use its best efforts to arrange for the appearance of those persons over whom defendant does not have control and orders that the persons be produced "as

directed herein". Thus, the decision and order requires defendant to use its best efforts.

Contrary to the further contention of defendant, the court did not preclude it from offering testimony at trial of persons over whom it does not have control if it fails to produce those persons for deposition. The court merely reserved to plaintiff the right to seek relief pursuant to CPLR 3126 in the event that defendant fails to produce such persons for depositions. (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Discovery.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.