■ In the Matter of TIFFANY S., Alleged to be the Child of a Mentally Retarded Parent. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EMILY S., Appellant. (And Another Related Proceeding.) [755 NYS2d 745] —Kane, J. Appeals from two orders of the Family Court of St. Lawrence County (Main, Jr., J.), entered October 3, 2001, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be the children of a mentally retarded parent, and terminated respondent's parental rights.

On January 30, 2001, petitioner filed petitions for the commitment of the guardianship and custody of respondent's two children, Robert (born in 1994) and Tiffany (born in 1998), by

reason of respondent's mental retardation and permanent neglect. By order dated April 16, 2001, Family Court directed that respondent attend and undergo a psychological evaluation. Following a fact-finding hearing on the mental retardation petitions, Family Court found that respondent suffered from mental retardation as defined in Social Services Law § 384-b (6) (b), determined that respondent was unable to provide proper and adequate care for her children, both currently and for the foreseeable future, and that if the children were returned to her custody, they would be in danger of becoming neglected children within the meaning of the Family Ct Act. As a result, Family Court, in declining to order a dispositional hearing, granted the mental retardation petitions in their entirety and committed the guardianship and custody of respondent's children to petitioner, thus terminating respondent's parental rights to both children. On October 3, 2001, Family Court filed dismissal orders for the two permanent neglect petitions on the grounds of mootness. Respondent now appeals.[1]

Respondent argues that she was denied her right to have her attorney present during her court-ordered psychological examination. Although respondent is entitled to have a court-appointed attorney with her at her court-ordered psychological examination (*see Matter of Alexander L.*, 60 NY2d 329, 336), respondent does not claim that she requested the presence of counsel during her exam or that her attorney was prevented from attending same. Under such circumstances, her right to have counsel present was not violated (*see Matter of Rosemary ZZ.*, 154 AD2d 734, 735, *lv denied* 75 NY2d 702; *Matter of John Lawrence M.*, 142 AD2d 950, 951).

Contrary to respondent's contention, we find that Family Court's determination is based on clear and convincing evidence. In order to terminate parental rights on the ground of mental retardation, the petitioning agency must demonstrate by clear and convincing evidence that the respondent is presently, and for the foreseeable future will be, unable to provide proper and adequate care for his or her children by reason of the respondent's mental retardation (*see* Social Services Law § 384-b [3] [g]; [4] [c]; *Matter of Joyce T.*, 65 NY2d 39, 44-45; *Matter of Kathleen OO.*, 260 AD2d 967, 968). Social Services Law § 384-b (6) (b) defines "mental retardation" as "subaverage intellectual functioning which originates during

---

**1.** Although the notices of appeal filed with this Court incorrectly referenced the orders of Family Court, the briefs filed address the correct orders and we will treat the defective notices valid in the interest of justice (*see* CPLR 5520 [c]).

the developmental period and is associated with impairment in adaptive behavior to such an extent that if such child were placed in or returned to the custody of the parent, the child would be in danger of becoming a neglected child as defined in the family court act." Respondent was evaluated by two psychologists who administered psychological tests and reviewed additional materials submitted to them concerning respondent's functioning. Both psychologists were of the opinion that respondent suffered from mild mental retardation, and said condition originated in respondent's developmental period and was not the result of some other cause such as a head injury or dementia. In support of their determination that the children would be neglected if returned to respondent's custody, the experts opined that respondent lacked the ability to make decisions that are necessary and commonly required of parents, she lacked insight into the nature of her mental problems or why her children were initially taken away from her,[2] and she was noncompliant with treatment programs, counseling and medication. Based upon these findings, the experts indicated that the only way respondent could potentially care for her children would be in a supervised setting. They further indicated that because of her mental retardation and impaired adaptive behavior, there is a poor prognosis for the potential of improving parenting skills in the near and foreseeable future.

Family Court's finding was further supported by witnesses who had provided mental health, parenting, housekeeping and social services to respondent during the placement of her children. They cited numerous examples of her impaired adaptive behavior, including frequent changes of residence, failure to call for help during her child's asthma attack because she believed she could not use the phone at her friend's house, shaking Tiffany in an attempt to get her to eat and stop crying, not understanding the need to hold and feed Tiffany when she was an infant, as well as her repeated failures to follow through with counseling, parent training and medication. In this regard, we find the testimony of respondent's psychiatric social caseworker to be relevant and consistent with the facts upon which the psychological evaluations were based.

Respondent next argues that it was error for Family Court to admit petitioner's social services' records into evidence, in that said records contained hearsay which was not admissible

---

**2.** Robert and Tiffany came into the care and custody of petitioner as a result of findings of neglect pursuant to Family Ct Act article 10 in February 1998 and February 1999, respectively.

under the business records exception to the hearsay rule, and that the records were not properly identified by petitioner's witness. We are satisfied that any objection to the identity of the records was waived by the stipulation of respondent's counsel consenting to their admission. Nevertheless, the entire record is not admissible since it contains statements from people under no obligation to report to petitioner (*see Matter of Leon RR.*, 48 NY2d 117, 122-123). In consenting to the admission of the record, respondent's counsel consented that the court, in its review of the record, redact those portions that would constitute inadmissible hearsay. We find this process to be inadequate for the purpose of protecting the rights of respondents and in contravention of the holding in *Matter of Leon RR. (supra)*. Upon our review of the record, it is impossible to determine what portion of petitioner's record was not considered by Family Court. Nevertheless, in reviewing the testimony and exhibits properly admitted, as well as the court's findings, we are satisfied that there is clear and convincing evidence in this record to support the court's conclusions. Under the circumstances, we find the admission of this exhibit to be harmless error.

Finally, Family Court did not abuse its discretion in declining to order a dispositional hearing. A dispositional hearing is not required after a finding of mental retardation pursuant to Social Services Law § 384-b (4) (c) (*see Matter of Joyce T.*, 65 NY2d 39, 49, *supra*; *Matter of Michael E.*, 241 AD2d 635, 638; *Matter of Elizabeth Q.*, 126 AD2d 905, 906). The evidence before Family Court established that respondent was unable to provide adequate care for her children for the foreseeable future. Because of respondent's mental retardation and other behavioral problems, she has been unable to take advantage of the services provided to her during the placement of her children with petitioner. The expert opinion expressed to the court was that petitioner could safely care for the children only if she lived in a supervised and supportive setting, an option presented to and rejected by respondent. Under these circumstances, we find that the court did not abuse its discretion in declining to order a dispositional hearing.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the orders are affirmed, without costs.