■ In the Matter of LISA MARIE S. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BILLIE JO S., Appellant. (Proceeding No. 1.) In the Matter of PATRICIA LYNN S. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BILLIE JO S., Appellant. (Proceeding No. 2.) [758 NYS2d 386] —In two related proceedings pursuant to Social Services

Law § 384-b to terminate the mother's parental rights on the ground that she is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the children, the mother appeals from an order of fact-finding and disposition (one paper) of the Family Court, Dutchess County (Amodeo, J.), dated March 20, 2001, which, after a hearing, found that she is unable to provide proper and adequate care for the children by reason of mental illness, and terminated her parental rights.

Ordered that the order is affirmed, without costs or disbursements.

In the instant proceedings, the petitioner sought to terminate the mother's parental rights with respect to her children, Lisa Marie and Patricia Lynn. Prior to the hearing, the court-ordered psychologist conducted a psychological examination of the mother. Patricia Lynn's current Law Guardian argues that Patricia's right to have her former Law Guardian present during the mother's psychiatric exam was violated (*see Matter of Alexander L.,* 112 AD2d 902 [1985]; *see also Matter of Jose T.,* 126 Misc 2d 559 [1984]). However, since there is no indication in the record that any request for the former Law Guardian's presence was either made or denied, this argument is without merit (*cf. Matter of Tiffany S. [ Emily S.],* 302 AD2d 758 [2003]; *Matter of Rosemary ZZ.,* 154 AD2d 734 [1989]; *Matter of John Lawrence M.,* 142 AD2d 950 [1988]; *Matter of Michael Todd M.,* 142 AD2d 951 [1988]; *Matter of Kevin R.,* 112 AD2d 462 [1985]).

At the hearing, the psychologist, whose testimony was unrefuted, indicated that the mother was mentally retarded. He further indicated that there was no likelihood that her condition, which, he opined, prevented her from providing adequate care for her children, would ever substantially improve. Under these circumstances, the Family Court properly terminated her parental rights (*see* Social Services Law § 384-b [6] [b]; *Matter of Karan Ann B.,* 293 AD2d 673 [2002]; *Matter of Shaneeka Tysheeka J.,* 281 AD2d 626 [2001]; *Matter of Westchester County Dept. of Social Servs. [John Franklin B.] v Barbara M.,* 215 AD2d 569 [1995]; *see also Matter of Jasmine F.,* 298 AD2d 997 [2002], *lv denied* 99 NY2d 506 [2003]).

The parties' remaining contentions are without merit. Santucci, J.P., Schmidt, Adams and Cozier, JJ., concur.