■ In the Matter of "MALE" W., Also Known as TASHIEN W., Also Known as TASHEIEM W. LITTLE FLOWER CHILDREN'S SERVICES, Appellant; YVONNE W., Also Known as YVONNE M., Respondent. (Proceeding No. 1.) In the Matter of PATRICK KISHAWN W., Also Known as PATRICK W. LITTLE FLOWER CHILDREN's SERVICES, Appellant; YVONNE W., Also Known as YVONNE M., Respondent. (Proceeding No. 2.) [764 NYS2d 842] —In two related proceedings pursuant to Social Services Law § 384-b (4) (c) to terminate the mother's parental rights on the ground that she is presently and for the foreseeable future unable, by reason of mental retardation, to provide proper and adequate care for the subject children, the petitioner appeals from an order of the Family Court, Kings County (Pearce, J.), dated August 16, 2001, which, after a fact-finding hearing, dismissed the petitions.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matters are remitted to the Family Court, Kings County, for a new fact-finding hearing and new determinations.

Yvonne W., diagnosed as suffering from mild to moderate mental retardation, is the mother of five children. At issue on appeal is the termination of her parental rights to her two sons, Patrick, born December 12, 1994, and Tashien, born May 29, 1996, both of whom have been in foster care since birth. The evidence at the hearing disclosed that through counseling, occupational therapy, and other services provided by Professional Service Centers for the Handicapped, Yvonne W. has acquired various basic skills in independent living. The Family Court recognized that she possessed a high level of motivation, which was driven in part by her desire to regain custody of her children, although if Patrick and Tashien were returned to her she would need comprehensive assistance and support in order to adequately care for them.

The Family Court dismissed the petitions, finding that the petitioner had not sustained its burden of proving that the respondent would not be able to care for her children at present or in the foreseeable future. The court based this determination on the petitioner's failure to present evidence of its diligent efforts to properly assess her ability to care for the children and to secure for her a level of comprehensive services necessary to advance a plan for reunification of the family.

We agree with the petitioner that the Family Court erred in dismissing the petitions because it read into Social Services Law § 384-b (4) (c) a "diligent efforts" requirement similar to that required in a case where parental rights are terminated

due to permanent neglect (*see Matter of Sheila G.,* 61 NY2d 368, 380-381 [1984]).

It is well settled that a "diligent efforts" requirement is not mandated under Social Services Law § 384-b (4) (c) (*see Matter of Anonymous,* 40 NY2d 96, 99 [1976]; *Matter of Juliana V.,* 249 AD2d 314, 315 [1998]; *Matter of Belinda S.,* 189 AD2d 679 [1993]; *Matter of Demetrius F.,* 176 AD2d 940, 941 [1991]; *Matter of Jammie CC.,* 149 AD2d 822 [1989]; *Matter of Everett S.,* 62 AD2d 1069, 1070 [1978]; *Matter of L. Children,* 131 Misc 2d 81, 90-91 [1986]).

Although the Family Court acknowledged that Social Services Law § 384-b (4) (c) contains no requirement that the petitioner prove it exerted "diligent efforts" to reunite the family in a proceeding based upon mental retardation, it nonetheless required the petitioner to establish that it had, in fact, engaged in those efforts in order to prove a case for termination. The Family Court erred in imposing this additional condition which is not set forth in the statute. If due diligence is to be made a requirement of a proceeding to terminate parental rights based upon mental retardation, it is a matter for the Legislature and not the courts (*see Matter of Anonymous, supra* at 102).

In light of the Family Court's focus on the lack of diligent efforts by the petitioner, we find the hearing record insufficient to enable this Court to make the requisite findings of fact. Accordingly, the matters must be remitted to the Family Court, Kings County, for a new fact-finding hearing and new determinations. Florio, J.P., Schmidt, Townes and Crane, JJ., concur.