■ A.W., et al., Infants, by Their Parent and Natural Guardian, ALISSA WARD, Appellants, v COUNTY OF ONEIDA et al., Defendants, and BOWPAS PROPERTIES, INC., et al., Respondents. [827 NYS2d 790]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered February 24, 2006 in a personal injury action. The order, among other things, granted the motions of defendants Bowpas Properties, Inc. and James G. Mogle for a protective order precluding plaintiffs from having a third-party observer physically, electronically or otherwise present during their neuropsychological examinations and denied that part of plaintiffs' cross motion seeking leave to amend the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motions in part and providing that plaintiffs are precluded from having a third-party observer other than their attorney or other representative approved by Supreme Court physically, electronically or otherwise present during their neuropsychological examinations and by granting that part of the cross motion seeking leave to amend the complaint upon condition that plaintiffs shall serve the proposed amended complaint within 20 days of service of a copy of the order of this Court with notice of entry and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: Plaintiffs, by their mother, commenced this action to recover damages for injuries they allegedly sustained as a result of their exposure to lead paint. Following a conference with Supreme Court, the court ordered that the neuropsychological examinations of plaintiffs sought by Bowpas Properties, Inc. (Bowpas) and James G. Mogle (collectively, defendants) by their experts were to be completed and the reports provided to plaintiffs' attorney within 90 days of the date on which the order was signed. The court granted defendants' motions seeking a protective order precluding plaintiffs from having a "third-party observer," including plaintiffs' attorney or other representative, "physically, electronically or otherwise present" during the examinations of plaintiff brother and granted Mogle's motion for that relief with respect to plaintiff sister. A party is "entitled to be examined in the presence of [his or] her attorney or other . . . representative . . . so long as [that person does] not interfere with the conduct of the examinations" (*Ponce v*

*Health Ins. Plan of Greater N.Y.*, 100 AD2d 963, 964 [1984]), "unless [the] defendant makes a positive showing of necessity for the exclusion of" such an individual (*Parsons v Hytech Tool & Die*, 241 AD2d 936, 936 [1997]; *see Ramsey v New York Univ. Hosp. Ctr.*, 14 AD3d 349, 350 [2005]). The defendant must establish that the presence of the attorney or other representative will "impair the validity and effectiveness of the particular examination" that is to be conducted (*Matter of Alexander L.*, 60 NY2d 329, 332 [1983]). Here, defendants failed to make that showing with respect to the neuropsychological examinations to be conducted, and thus the court erred in granting those parts of defendants' respective motions concerning the presence of plaintiffs' attorney or other representative. We therefore modify the order accordingly, and we remit the matter to Supreme Court to define the parameters of the physical, electronic or other presence of plaintiffs' attorney or such other representative as the court may approve, in order to minimize that person's impairment of "the validity and effectiveness of the [neuropsychological] examinations" (*id.*).

We also agree with plaintiffs that the court abused its discretion in denying that part of their cross motion seeking leave to amend the complaint "by permitting language alleging the piercing of the corporate veil" of Bowpas, and we therefore further modify the order accordingly. "Leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit" (*Letterman v Reddington*, 278 AD2d 868, 868 [2000]; *see* CPLR 3025 [b]; *Nastasi v Span, Inc.*, 8 AD3d 1011, 1013 [2004]; *Nizam v Friol*, 294 AD2d 901, 902 [2002]), and "[t]he decision to allow or disallow the amendment is committed to the court's discretion" (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *see Fingerlakes Chiropractic v Maggio*, 269 AD2d 790, 791 [2000]). Here, defendants failed to establish any prejudice arising from the proposed amendment, and we note in particular that discovery has not been completed (*cf. Heller v Louis Provenzano, Inc.*, 303 AD2d 20, 23-24 [2003]). In addition, the evidence submitted by plaintiffs in support of the cross motion establishes that the proposed amendment is not patently lacking in merit (*see generally Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141-142 [1993]; *Austin Powder Co. v McCullough*, 216 AD2d 825, 826-827 [1995]). Present—Gorski, J.P., Smith, Centra and Green, JJ.