JESSICA H., an Infant, by Her Parent and Natural Guardian, MICHELLE ARP, Respondent, v ROCCO SPAGNOLO et al. Appellants. [839 NYS2d 638]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered August 23, 2006. The order, among other things, denied that part of defendants' motion to compel plaintiff to disclose all medical and psychological records and reports of her treating and examining providers and to provide authorizations to obtain copies of any records concerning neuropsychological testing or examinations of plaintiff

before her neuropsychological examination is conducted by defendants' expert.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion to compel plaintiff to disclose all medical and psychological records and reports of her treating providers and to provide authorizations to obtain copies of any records of her treating providers with respect to neuropsychological and IQ testing before her neuropsychological examination is conducted by defendants' expert and directing plaintiff to disclose those records and reports and to provide those authorizations before that examination is conducted and as modified the order is affirmed without costs.

Memorandum: Plaintiff, by her mother, commenced this action to recover damages for personal injuries she allegedly sustained as a result of her exposure to lead paint while residing in an apartment owned by defendants. Supreme Court denied defendants' motion seeking, inter alia, to preclude all third-party observers from attending the neuropsychological examination of plaintiff to be conducted by defendants' expert. Defendants then moved for leave to "renew and/or reargue" that motion, and they sought to compel plaintiff to disclose all medical and psychological records and reports of her treating and examining providers and to provide authorizations to obtain copies of any records concerning neuropsychological testing or examinations of plaintiff before her neuropsychological examination is conducted by defendants' expert. In the alternative, defendants sought a protective order allowing them to conduct the neuropsychological examination of plaintiff within 90 days after receiving the records and reports. The court denied the relief sought by defendants with respect to the neuropsychological examination "to the extent that the neuropsychological examination must take place with either plaintiff's counsel present or with a one/two way mirror" and denied the additional relief requested.

We conclude that the court properly allowed plaintiff's attorney to observe the neuropsychological examination. "A party is 'entitled to be examined in the presence of [his or] her attorney or other . . . representative . . . so long as [that person does] not interfere with the conduct of the examinations' . . . , 'unless [the] defendant makes a positive showing of necessity for the exclusion of' such an individual" (*A.W. v County of Oneida*, 34 AD3d 1236, 1237-1238 [2006]; *see Ramsey v New York Univ. Hosp. Ctr.*, 14 AD3d 349, 350 [2005]). Here, defendants failed to meet their burden of establishing that "the

presence of the attorney or other representative will 'impair the validity and effectiveness' " of the neuropsychological examination (*A.W.*, 34 AD3d at 1238, quoting *Matter of Alexander L.*, 60 NY2d 329, 332 [1983]).

We further conclude, however, that the court abused its discretion in refusing to compel plaintiff to disclose all medical and psychological records and reports of her treating providers and to provide authorizations to obtain copies of any records of her treating providers with respect to neuropsychological and IQ testing before her neuropsychological examination is conducted by defendants' expert (*cf. Marable v Hughes*, 38 AD3d 1344 [2007]; *see generally MS Partnership v Wal-Mart Stores*, 273 AD2d 858 [2000]; *Andruszewski v Cantello*, 247 AD2d 876 [1998]). We therefore modify the order accordingly. Finally, the court did not abuse its discretion in denying defendants' alternative request for a protective order (*see generally MS Partnership*, 273 AD2d 858 [2000]). Present—Martoche, J.P., Lunn, Peradotto, Green and Pine, JJ.