■ CHRISTOPHER R. MARRIOTT, Appellant, v VIRGINIA A. CAPPELLO, Respondent. [56 NYS3d 691]—

Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered February 26, 2016. The order denied the motion of plaintiff to preclude the testimony and report of defendant's expert.

It is hereby ordered that the order so appealed from is modified on the law by granting the motion insofar as it sought the imposition of a sanction, and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking to recover damages for injuries he allegedly sustained when his vehicle collided with a vehicle owned and operated by de-

fendant. Plaintiff subsequently moved to preclude the testimony and report of defendant's expert, who conducted a medical examination of plaintiff. Plaintiff contends that Supreme Court should have granted the motion inasmuch as his right to have a representative present at the examination was violated. We agree that plaintiff's rights were violated, and we therefore modify the order accordingly.

On September 24, 2015, defendant served plaintiff with a notice of physical examination, scheduled for November 16, 2015, with a neurologist, who is also a licensed psychologist (hereafter, doctor). Plaintiff arrived at the scheduled examination with his attorney and a registered nurse. After the initial interview process started with the doctor's staff, plaintiff's counsel left the office. The nurse averred in her reply affidavit that plaintiff's counsel informed plaintiff, in front of office staff, that the nurse would be attending the entire evaluation. The nurse further averred in her reply affidavit, "The staff member who did the initial evaluation stated that would be the case so long as I stayed in the background and did not interfere with the examination." The parties presented various accounts of what the doctor and the nurse said and did thereafter, but it is undisputed that the nurse hired by plaintiff to observe the examination was not present when the 2½-hour examination was conducted.

The doctor averred in his affidavit, "I am well aware that the law in the State of New York states that a party undergoing an independent medical examination may have a representative present during testing so long as that person does not interfere overtly with the conduct of the examination. This legal right conflicts with the ethical standards of my practice, but I am aware it exists." The doctor further averred that, in accordance with the ethical standards of his practice, he informed plaintiff and the nurse that, typically, he would conduct plaintiff's neuropsychological testing without the nurse in the room. The doctor averred that the nurse immediately "acquiesced" and that the doctor proceeded to conduct plaintiff's testing without a word of protest from either the nurse or plaintiff.

The nurse has a significantly different recollection. She averred instead that, as plaintiff was being escorted to the testing room, the doctor "stepped in front" of the nurse and said that the nurse was not allowed in the room during his testing. The nurse averred that she informed the doctor that she was there to attend the entire examination but was told by the doctor that she could not attend his testing. Although the nurse did not see the doctor again that day, she claims that she

repeatedly asked his staff to be allowed to attend the examination and was told each time that she was not permitted to observe the examination. The portion of the examination from which the nurse was excluded spanned 2½ hours, not including a lunch break. The nurse averred that she made it clear to the doctor that she was there to observe the entire examination and that she in no way "acquiesced" to her exclusion therefrom.

As the dissent recognizes, a plaintiff "is 'entitled to be examined in the presence of [his or] her attorney or other . . . representative . . . so long as [that person does] not interfere with the conduct of the examinations' . . . , 'unless [the] defendant makes a positive showing of necessity for the exclusion of' such an individual" (*A.W. v County of Oneida*, 34 AD3d 1236, 1237-1238 [2006]; *see Flores v Vescera*, 105 AD3d 1340, 1340-1341 [2013]; *Jessica H. v Spagnolo*, 41 AD3d 1261, 1262-1263 [2007]). Nonetheless, as the dissent notes, there is no requirement that a representative of plaintiff be present during the examination, and plaintiff may waive the right to have a representative present. Two examples of waiver are set forth by the dissent, the first of which involves the plaintiff's merely appearing for the examination without a representative. Clearly, that is not the factual situation here. Second, a waiver can occur by the examined party's unreasonable delay in making a motion to enforce the right (*see Pendergast v Consolidated Rail Corp.*, 244 AD2d 868, 869 [1997]). Here, it was less than two months from the November 16, 2015 examination until the January 5, 2016 motion to preclude, not the 2½ years at issue in *Pendergast*, the decision relied upon the dissent.

The dissent, relying on *Cunningham v Anderson* (85 AD3d 1370, 1373 [2011], *lv dismissed in part and denied in part* 17 NY3d 948 [2011]), concludes that the burden was on plaintiff to move for a protective order or otherwise seek judicial guidance before the examination took place. We note, however, that the Third Department in *Cunningham* shifted the burden to the plaintiff because the plaintiff's counsel had encountered the same situation with the same expert in a prior case. Plaintiff's counsel therefore should not have allowed the examination to proceed outside of the presence of the representative, and he failed to seek relief until after the note of issue was filed (*id.* at 1373). We conclude, instead, that it was incumbent upon the defense, which selected the doctor to perform the examination, to know of the doctor's "ethical standards" and to have either selected a different doctor who would follow the law or to seek guidance from the court before the ex-

amination concerning any limitations on plaintiff's right to have a representative present (*see* CPLR 3103 [a]).

Inasmuch as the determination of an appropriate sanction for the violation of a party's disclosure rights rests initially within the discretion of the trial court (*see generally Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc.*, 22 NY3d 877, 880 [2013]), we remit the matter to Supreme Court for a determination of the appropriate remedy for the doctor's improper exclusion of the nurse hired by plaintiff to observe the physical examination.

All concur except Smith, J.P., who dissents and votes to affirm in the following memorandum.

Smith, J.P. (dissenting). I respectfully disagree with the majority that defendant or his expert were required to take any action to protect plaintiff's rights, and I therefore dissent. There is no dispute that plaintiff's attorney and a nurse accompanied plaintiff to the office of defendant's expert for the previously scheduled psychological examination, and that plaintiff's attorney left the office before the examination began. There is no indication that plaintiff's attorney inquired whether the nurse would be permitted to observe the examination, or that the attorney asked the defense expert for permission to have a representative observe it, and plaintiff did not move for permission to have his attorney or another representative observe the examination (*cf. Flores v Vescera*, 105 AD3d 1340, 1340 [2013]). The parties presented varying evidence regarding what the defense expert said at the start of the examination, but they agree that the nurse was not present when the expert examined plaintiff. The record also establishes that neither plaintiff nor the nurse protested, and no one advised plaintiff to leave the examination room or to cease cooperating with the examination. Plaintiff appeals from an order denying his motion to preclude defendant from introducing the expert's testimony and report at trial. Contrary to the majority's conclusion, the defense expert was not required to take any action prior to examining plaintiff and, in the absence of any motion or protest by plaintiff's attorney or the nurse who was present, there is no basis upon which to preclude the expert's testimony.

I agree with the majority that "[a] party is 'entitled to be examined in the presence of [his or] her attorney or other . . . representative . . . so long as [that person does] not interfere with the conduct of the examinations' . . . , 'unless [the] defendant makes a positive showing of necessity for the exclusion of' such an individual" (*A.W. v County of Oneida*, 34 AD3d

1236, 1237-1238 [2006]; *see Flores*, 105 AD3d at 1340-1341; *Jessica H. v Spagnolo*, 41 AD3d 1261, 1262-1263 [2007]). Nevertheless, as in many related situations in which a party "has the right to have an attorney observe the examination[, t]his right may, of course, be waived" (*Ughetto v Acrish*, 130 AD2d 12, 25 [1987], *appeal dismissed* 70 NY2d 871 [1987], *reconsideration denied* 70 NY2d 990 [1988]; *see Gray v Crouse-Irving Mem. Hosp.*, 107 AD2d 1038, 1038-1039 [1985]). There is no requirement that a representative of plaintiff be present during the examination of plaintiff by defendant's expert and, indeed, plaintiff could waive the right to have a representative present at an examination merely by appearing for the examination without a representative, or by waiting too long to make a motion to enforce such right (*see Pendergast v Consolidated Rail Corp.*, 244 AD2d 868, 869 [1997]). Consequently, plaintiff's right to have a representative present was not violated inasmuch as "there is no indication in the record that any request for the presence [of the attorney or the nurse] was either made or denied" (*Matter of Lisa Marie S.*, 304 AD2d 762, 763 [2003], *lv denied* 100 NY2d 508 [2003], *lv dismissed* 100 NY2d 575 [2003]; *cf. Pendergast*, 244 AD2d at 869). Therefore, plaintiff's "failure to demand his attorney's [or other representative's] presence at the exam is fatal to his claim" that he was improperly denied such presence (*Matter of Rosemary ZZ.*, 154 AD2d 734, 735 [1989], *lv denied* 75 NY2d 702 [1990]). Based on that analysis, I conclude that Supreme Court "did not err in determining that, by failing to move for a protective order or seek guidance before the examination concerning counsel's ability to be present or observe it (*see* CPLR 3103 [a]), . . . plaintiff waived his rights and was not entitled to preclusion" (*Cunningham v Anderson*, 85 AD3d 1370, 1373 [2011], *lv dismissed in part and denied in part* 17 NY3d 948 [2011]), and I would therefore affirm the order. Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Scudder, JJ.