OPINION OF THE COURT
Jones, J.
A parent who is to be examined by a court-appointed psychiatrist in a proceeding to terminate the parental relationship on account of mental illness of the parent is entitled to have his or her attorney present during the examination if the parent so desires, in the absence of a demonstration as to how such presence would impair the validity and effectiveness of the particular examination.
In July, 1980 respondent Cardinal McCloskey Children and Family Services filed a petition with Family Court, New York County, pursuant to section 384-b of the Social Services Law, for termination of appellant mother’s parental rights and for designation of the agency as guardian with authorization to consent to the adoption of her son, Alexander, who had been born out of wedlock on August *333 26, 1978 and voluntarily placed by his mother in foster care a few days thereafter.[1] The agency, in whose care the child had been since July 1, 1979, alleged in its petition that by reason of mental illness the mother was unable presently and for the foreseeable future to provide proper and adequate care for her son, one of the grounds set out in paragraph (c) of subdivision 4 of the statutory section under which the agency was proceeding for the relief sought by it.[2] The mother appeared by counsel on August 22, 1980.
Because subdivision 6 of the same section mandates that in every such proceeding predicated on mental illness of the parent testimony must be taken of a psychiatrist appointed by the court and that an examination of the parent by such psychiatrist must be ordered,[3] the agency’s *334 request for such an order was granted by Family Court, and Dr. Samuel Sheinkman, affiliated with the New York City Bureau of Mental Health Services, was designated as examining psychiatrist. The mother appeared at Dr. Sheinkman’s office at the time for which the examination was scheduled (Oct. 24, 1980), accompanied by her attorney. The psychiatrist summarily refused to conduct the examination with counsel present, and the mother declined to be examined without him present.
At the fact-finding hearing on the issue of the mother’s mental capacity subsequently held, Family Court received in evidence a written report and testimony by Dr. Sheinkman concerning the mother’s condition, both of which were predicated on his limited observation of her when she was at his office on October 24 and on a review by him of various hospital records of the mother which review had been authorized by the court after the scheduled office examination had not taken place. The psychiatrist, who was the only expert witness to testify, described in detail a chronic, undifferentiated schizophrenia suffered by the mother and expressed his opinion that as a result of that condition she could not presently or in the foreseeable future care for her son. In relating what had occurred when the mother had appeared for examination by him on October 24 he stated that it was the policy of the Bureau of Mental Health Services to conduct interviews with patients in private, giving as the reason for such practice the fact that such an interview was “an extremely private one and an intimate one” and that “the presence of another person or even extraneous noises and the presence of a person in the second room would be very disturbing and certainly would hinder an open evaluation, and an honest and open statement or statements on the part of the patient”.
Following the conclusion of the psychiatrist’s testimony, the court referred to the fact of the mother’s refusal to submit to an examination by the expert out of the presence of her attorney, and stated that he was extending to her “one more opportunity” to appear for a mental health examination by Dr. Sheinkman, but that her counsel could not be present. When the offer was not immediately ac *335 cepted, the court peremptorily cut off any statement by counsel and directed that the trial continue on an adjourned date.
An order was thereafter granted in which it was found that the doctor’s testimony and the records described by him had established by clear and convincing evidence the mother’s mental illness and resulting inability to care for her child, and that she had effectively waived an interview with the court-appointed psychiatrist when she refused to be examined unless accompanied by her attorney.
A dispositional hearing which followed resulted in an order terminating the mother’s parental relationship with Alexander, transferring his guardianship to the agency and authorizing its consent to the child’s adoption, with preference in any adoption proceeding to be given to the foster parents with whom the child had resided since his surrender shortly after his birth. From the Appellate Division’s unanimous affirmance of Family Court’s disposition, the mother appeals by our leave, asserting that it was error to have required that she forego the presence of counsel at the examination directed to be conducted by Dr. Sheinkman or forfeit the opportunity such an examination might have afforded her, in a face-to-face evaluation, to satisfy the psychiatrist of her competency to care for her child.
In concluding, as we do, that the mother’s contention is correct we do not reach her claim that she was deprived of a constitutionally protected right to counsel by Family Court’s ruling. It is sufficient to observe that there was withheld from her the right, expressly conferred by the Legislature in its adoption of section 262 (subd [a], par [iv]) of the Family Court Act in 1975 (L 1975, ch 682, § 2),[4] to have her counsel present from the time of her appearance in the termination of parental rights proceeding.
*336 That the mother enjoyed an initial right to the presence of counsel during Dr. Sheinkman’s examination — the results of which would bear so heavily in the pending Family Court proceeding — is beyond question in light of the foregoing legislative action. Notable is the absence from the briefs submitted by respondents agency and Commissioner of Social Services of any reference whatsoever to the statute. On oral argument these parties asserted, however, that her opportunity to invoke the statutory right was not preserved, either because the mother had never moved to amend the original order directing Dr. Sheinkman’s examination to provide that counsel be permitted to be present during the examination or because she had failed to ask for an opportunity to demonstrate to Family Court that counsel’s presence would not adversely affect the ordered examination.
These assertions assume the existence of obligations .resting on the mother which are nonexistent.
As to the first claim, of particular significance is the fact that there does not appear to have been any reference to, or prohibition against, counsel’s presence in the order that originally designated Dr. Sheinkman and directed the mother’s examination. In light of the pre-eminent importance of the psychiatrist’s evaluation, and the explicit statutory assurance of the assistance of counsel throughout the Family Court proceeding, with the concomitant advantages for trial purposes that would be expected to attend the attorney’s presence during this critical phase of the litigation, the mother was under no obligation to move to amend the order for the purpose of including a provision assuring her a right which the statute already conferred.
With respect to the contention that the mother failed to tender a showing that counsel’s presence would not impair Dr. Sheinkman’s examination, the contention cannot be validated on the present record in light of the court’s summary interruption of counsel’s attempted response to the in-court statement that a further opportunity for an examination — again without the mother’s attorney present — was being accorded.
In any event, there is no predicate for the position that the mother was duty bound to establish that her attorney’s *337 presence would not impair the effectiveness of Dr. Sheinkman’s examination. Conceivably, in a particular instance there might be cause to conclude that the validity of a psychiatrist’s examination might be compromised by the presence or intrusive conduct of a third person — as, perhaps, the parent’s counsel. In such a circumstance, bearing in mind the regard in which the right to the assistance of counsel is held, the court might nevertheless properly restrict the attorney’s presence despite the parent’s willingness and desire to the contrary. The predicate for such a restriction however may not be the failure of the parent to demonstrate a negative — i.e., the absence of the prospect of impairment — but must be a positive showing, usually by the examining expert on the initiative of the petitioner or the court, that there is justification in a particular case for exclusion of the third person or restrictions on his or her conduct during the examination. More is required than what was presented here, which was only a statement of the blanket policy of the Bureau of Mental Health Services.
Because Family Court erred in requiring that the mother submit to an examination by the court-appointed psychiatrist without the presence of her attorney, the Appellate Division’s order of affirmance should be reversed and the matter remitted to Family Court for further proceedings in accordance with this opinion.
Chief Judge Cooke and Judges Jasen, Wachtler, Meyer, Simons and Kaye concur.
Order reversed, with costs, and matter remitted to Family Court, New York County, for further proceedings in accordance with the opinion herein.

. The father of the child has never been identified, and the mother has declared her inability to do so. Family Court found that his identity could not be ascertained with reasonable diligence and that no one has expressed an intention to claim paternal rights to Alexander.

. Section 384-b (subd 4, par [c]) provides in relevant part:
“4. An order committing the guardianship and custody of a child pursuant to this section shall be granted only upon one or more of the following grounds:
* * *
“(c) The parent or parents, whose consent to the adoption of the child would otherwise be required in accordance with section one hundred eleven of the domestic relations law, are presently and for the foreseeable future unable, by reason of mental illness or mental retardation, to provide proper and adequate care for a child who has been in the care of an authorized agency for the period of one year immediately prior to the date on which the petition is filed in the court”.

. Subdivision 6 of section 384-b provides in relevant part:
“6. * * *
“(c) The legal sufficiency of the proof in a proceeding upon the ground set forth in paragraph (c) of subdivision four of this section shall not be determined until the judge has taken the testimony of a physician and psychologist, or psychiatrist, in accordance with paragraph (e) of this subdivision.
“(e) In every proceeding upon a ground set forth in paragraph (c) of subdivision four the judge shall order the parent to be examined by, and shall take the testimony of, a physician and a certified psychologist, in the case of a parent alleged to be mentally retarded, or of a psychiatrist, in the case of a parent alleged to be mentally ill, such physician, psychologist or psychiatrist to be appointed by the court pursuant to section thirty-five of the judiciary law. The parent and the authorized agency shall have the right to submit other psychiatric, psychological or medical evidence. If the parent refuses to submit to such court-ordered examination, or if the parent renders himself unavailable therefor whether before or after the initiation of a proceeding under this section, by departing from the state or by concealing himself therein, the appointed physician, psychologist or psychiatrist, upon the basis of other available information, including, but not limited to, agency, hospital or clinic records, may testify without an examination of such parent, provided that such other information affords a reasonable basis for his opinion.”

. Section 262 provides in relevant part:
“(a) Each of the persons described below in this subdivision has the right to the assistance of counsel. When such person first appears in court, the judge shall advise such person before proceeding that he has the right to be represented by counsel of his own choosing ** * * and of his right to have counsel assigned by the court in any case where he is financially unable to obtain the same:
* * *
“(iv) the parent, foster parent, or other person having physical or legal custody of the child in any proceeding under section three hundred fifty-eight-a, three hundred eighty-four, three hundred eighty-four-b, or three hundred ninety-two of the social services law”.