■ Casler Masonry, Inc., Respondent, v Barr & Barr, Inc., Defendant/Third-Party Plaintiff-Appellant-Respondent. Liberty Mutual Insurance Company, Third-Party Defendant-Respondent-Appellant. [988 NYS2d 614]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered January 15, 2014, to the extent it denied defendant's motion for summary judgment declaring that change orders No. 2 and No. 13 are "cost plus" change orders and dismissing the cause of action for an account stated, and denied third-party defendant's motion for summary judgment dismissing the third-party complaint, unanimously affirmed, with costs, and appeal from the part of the order that denied as premature defendant's motion to preclude plaintiff from offering expert

testimony at trial as to "fixed price" change orders, unanimously dismissed, without costs, as taken from a nonappealable paper.

The motion court correctly found that change order 2 is ambiguous, since the notation on the first page that the "Total Not-to-Exceed Cost" is $622,323 and the statement on the second page that "[t]he Contract Value will be changed by this Subcontract Change Order in the amount of $622,323" appear to contradict each other, and that therefore the meaning of the change order cannot be determined as a matter of law (*see Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]).

In accordance with the foregoing, the cause of action for an account stated cannot be determined as a matter of law.

Issues of fact preclude summary dismissal of defendant's cause of action on the performance bond issued by third-party defendant guaranteeing plaintiff's performance of the subcontract. While third-party defendant contends that plaintiff completed its contract work, including the remediation, thereby relieving third-party defendant of its obligation, an affidavit submitted by defendant states that plaintiff did not perform all the remedial work and indeed refused to do certain portions of the work, which defendant hired another subcontractor to complete.

No appeal lies from the denial of defendant's motion to preclude evidence (*see Santos v Nicolas*, 65 AD3d 941 [1st Dept 2009]). Concur—Sweeny, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.