■ Victoria Guerra et al., Respondents, v Leslie McBean et al., Appellants. [4 NYS3d 526]—

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered on or about July 15, 2014, which denied defendants' motion to compel plaintiffs to appear for further orthopedic examinations, unanimously affirmed, without costs.

Defendants failed to establish that plaintiffs' representative's presence at their physical examinations deprived defendants of the ability to conduct meaningful examinations (*see* CPLR 3121 [a]; *Tucker v Bay Shore Stor. Warehouse, Inc.*, 69 AD3d 609, 609-610 [2d Dept 2010]; *cf. Orsos v Hudson Tr. Corp.*, 95 AD3d 526 [1st Dept 2012] [court directed a second IME of plaintiff where defendants' IME physician reflected a potential bias toward plaintiff by recommending that she treat with his partner after the litigation concluded]). Defendants' expert's lengthy reports relating to the examinations reflect that he was able to perform range of motion and other testing and issue unequivocal diagnoses, and gave no indication that further examinations were required (*see Bravo v Vargas*, 113 AD3d 577, 579 [2d Dept 2014]; *Jakubowski v Lengen*, 86 AD2d 398, 400-402 [4th Dept 1982] [defendant made no showing that presence of law clerk from plaintiff's counsel's office interfered with IME]; *cf. Chaudhary v Gold*, 83 AD3d 477, 478 [1st Dept 2011] [neuropsychological IME granted upon defendants' submission of supporting expert affidavit after plaintiff had undergone neurological and neuropsychiatric IMEs]). To the limited extent that questions were not answered during the examinations, the

court appropriately directed plaintiffs to provide affidavits as to the missing responses. Concur—Gonzalez, P.J., Mazzarelli, Saxe, Manzanet-Daniels and Clark, JJ.