■ WILLIAM HENDERSON, JR., et al., Appellants, v ROBERT ROSS, Respondent. [47 NYS3d 136]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (King, J.), dated December 1, 2015, as granted that branch of the defendant's motion which was for a protective order precluding any "non-attorney[ ]" from accompanying the plaintiff William Henderson, Jr., in the examination room during his physical examination.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for a protective order precluding any non-attorney from accompanying the plaintiff William Henderson, Jr., in the examination room during his physical examination is denied.

After the commencement of this action, which seeks to recover damages, inter alia, for personal injuries allegedly sustained in a motor vehicle accident, Reliant Medical Analytics, on behalf of the defendant's counsel, sent a notice to the plaintiffs' counsel demanding a physical examination of the plaintiff William Henderson, Jr. (hereinafter the injured plaintiff). The notice provided, in relevant part, that "[n]o non-attorney will be permitted in the exam room, without prior consent of [defendant's counsel]." The plaintiffs objected to this provision, and the defendant thereafter moved, inter alia, for a protective order precluding any non-attorney from accompanying the injured plaintiff in the examination room during his physical examination. In the order appealed from, the Supreme Court, in relevant part, granted the aforementioned branch of the defendant's motion. We reverse the order insofar as appealed from.

A plaintiff "is entitled to be examined in the presence of [his or] her attorney or other legal representative, as well as an interpreter, if necessary, so long as they do not interfere with the conduct of the examination[ ]" (*Ponce v Health Ins. Plan of Greater N.Y.*, 100 AD2d 963, 964 [1984]; *see Guerra v McBean*, 127 AD3d 462, 462 [2015]; *A.W. v County of Oneida*, 34 AD3d 1236, 1237-1238 [2006]; *see also Bermejo v New York City Health & Hosps. Corp.*, 135 AD3d 116, 143 [2015]). Here, the defendant failed to meet his burden of establishing that the plaintiffs' representative would improperly interfere with the conduct of the injured plaintiff's physical examination (*see Guerra v McBean*, 127 AD3d at 462; *Flores v Vescera*, 105 AD3d 1340, 1340-1341 [2013]; *A.W. v County of Oneida*, 34 AD3d at 1238; *see also Lamendola v Slocum*, 148 AD2d 781, 781-782 [1989]; *cf. Kattaria v Rosado*, 146 AD3d 457 [1st Dept 2017]). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for a protective order precluding any non-attorney from accompanying the injured plaintiff in the examination room during his physical examination. Leventhal, J.P., Roman, Sgroi and Connolly, JJ., concur.