■ MIGUEL SANTANA et al., Respondents, v CURTIS JOHNSON, JR., et al., Appellants. [60 NYS3d 831]—

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered August 10, 2016, which granted defendants' motion to preclude plaintiffs from offering at trial the testimony of nonparties IME Watchdog, Inc., Jamal Aaron and Shawn Jerrick, only in the event that those witnesses failed to appear for a deposition within 60 days, unanimously affirmed, without costs.

The motion court providently exercised its discretion in granting defendants' preclusion motion only in the event that the nonparty witnesses failed to appear for depositions concerning their observations at physical examinations of plaintiffs (*see* CPLR 3126). Plaintiffs are entitled to have a representative present at their physical examinations as long as the representative does not interfere with the examinations conducted by defendants' designated physician or prevent defendants' physician from conducting a meaningful examination (*see Guerra v McBean*, 127 AD3d 462 [1st Dept 2015]; *Henderson v Ross*, 147 AD3d 915 [2d Dept 2017]; *Marriott v Cappello*, 151 AD3d 1580 [4th Dept 2017]). In the present case, there is no contention that the observers interfered with the examinations and the physicians issued thorough reports without indicating that any further examinations were required.

To the extent that this Court has implicitly suggested that a representative can be barred from an examination if the plaintiff fails to demonstrate special and unusual circumstances (*see Kattaria v Rosado*, 146 AD3d 457 [1st Dept 2017]), that is not the current state of the law in either the First, Second or Fourth Departments and is inconsistent with the general principle that plaintiffs are entitled to have a representative present at their medical examinations (*Guerra* at 462; *Henderson* at 916; *Marriott* at 1582).

To the extent defendants sought a pretrial order precluding testimony of the observers as cumulative of plaintiffs' anticipated testimony, the order denying that request is not appealable (*see Casler Masonry, Inc. v Barr & Barr, Inc.*, 118 AD3d 609, 610 [1st Dept 2014]; *Santos v Nicolas*, 65 AD3d 941 [1st

Dept 2009]). Concur—Sweeny, J.P., Renwick, Kapnick, Kern and Moulton, JJ.