Appeal from an order of the Supreme Court, Erie County (Diane Y Devlin, J.), entered January 31, 2017. The order, insofar as appealed from, denied the motion of defendant to compel plaintiff John Kolodziejski to undergo a second independent medical exam, or to preclude proof at trial of his physical injuries.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Defendant moved, inter alia, to compel John Kolodziejski (plaintiff) to undergo a second independent medical examination on the ground that plaintiff allegedly refused to perform certain tests during the initial independent medical examination. Supreme Court denied the motion, and we now affirm.
 

 “While there is no restriction in CPLR 3121 limiting the number of examinations to which a party may be subjected, a party seeking a further examination must demonstrate the necessity for it” (Rinaldi v Evenflo Co., Inc., 62 AD3d 856, 856 [2d Dept 2009]). Here, the examining physician was able to reach a definitive conclusion as a result of the initial independent medical examination, and she never indicated that her analysis and/or conclusion were affected by plaintiff’s alleged refusal to perform certain tests. The court therefore properly declined to compel plaintiff to undergo a second independent medical examination (see Tucker v Bay Shore Stor. Warehouse, Inc., 69 AD3d 609, 610 [2d Dept 2010]; cf. Young v Kalow, 214 AD2d 559, 559 [2d Dept 1995]).
 

 Present—Centra, J.P., Peradotto, Lindley, NeMoyer and Troutman, JJ.