Martinez v Pinard (2018 NY Slip Op 02402)





Martinez v Pinard


2018 NY Slip Op 02402


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Acosta, P.J., Tom, Oing, Moulton, JJ.


6233N 20797/16

[*1] Richard Martinez, Plaintiff-Appellant,
v
Leverne C. Pinard, et al., Defendants, Eduard R. Ventura de Leon, et al., Defendants-Respondents.


Daniella Levi & Associates, P.C., Fresh Meadows (Daniella Levi of counsel), for appellant.
Mauro Lilling Naparty, LLP, Woodbury (Seth M. Weinberg of counsel), for respondents.



Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered August 3, 2017, which, to the extent appealed from as limited by the briefs, granted defendants Eduard R. Ventura de Leon and Crida Car, Inc.'s (defendants) motion to preclude plaintiff from being accompanied by a nonlegal representative at a defense physical examination, and denied plaintiff's cross motion to deem defendants to have waived a physical examination or, in the alternative, to be permitted to have a nonlegal representative of his choosing present at the examination, unanimously reversed, on the law, without costs, defendants' motion denied, and plaintiff's cross motion to be permitted to have a representative of his choosing present at his physical examination granted.
Defendants concede that, under this Court's recent decision in Santana v Johnson (154 AD3d 452 [1st Dept 2017]), they can no longer argue that plaintiff was required to show "special and unusual circumstances" to be permitted to have a nonlegal representative present at a physical examination conducted on their behalf pursuant to CPLR 3121.
There is no basis for finding that defendants waived their right to conduct a physical examination of plaintiff by including unreasonable restrictions in their notice of examination. Defendants' conduct was supported by a good faith interpretation of applicable case law (see Kattaria v Rosado, 146 AD3d 457, 458 [1st Dept 2017]; IME Watchdog, Inc. v Baker, McEvoy, Morrissey & Moskovits, P.C., 145 AD3d 464 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK