Markel v Pure Power Boot Camp, Inc. (2019 NY Slip Op 02049)





Markel v Pure Power Boot Camp, Inc.


2019 NY Slip Op 02049


Decided on March 19, 2019


Appellate Division, First Department


Gische J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

John W. Sweeny, Jr.,J.P.
Dianne T. Renwick
Judith J. Gische
Marcy L. Kahn
Cynthia S. Kern, JJ.


156671/15 

[*1]Stephanie Markel, Plaintiff-Appellant,
v
Pure Power Boot Camp, Inc., et al., Defendants-Respondents.



Plaintiff appeals from the order of the Supreme Court, New York County (Robert Reed, J.), entered on or about November 27, 2017, which, to the extent appealed from, denied plaintiff's motion for a protective order and to quash a subpoena duces tecum served on the individual who accompanied plaintiff to her medical examination by defendants' orthopedist.




Buzin Law, P.C., New York (Brian J. Isaac and Joshua Brian Irwin of counsel), for appellant.
Havkins Rosenfeld Ritzert & Varriale, LLP, Mineola (Gail Ritzert of counsel), for respondents.



GISCHE J.
 Plaintiff seeks damages for knee injuries that she alleges were sustained while participating in an exercise drill at defendants' boot camp style gym. During discovery, plaintiff appeared for a physical examination by an orthopedist


designated by defendants (IME). Plaintiff's attorney hired a individual from IME Watchdog (IME observer) to be present with plaintiff while she was examined. Six months later, defendants served a subpoena deuces tecum on the IME observer for the production of her notes, reports, memoranda, photographs, and "any [*2]other relevant material" in her possession. Because these materials are protected by the qualified privilege applicable to materials prepared for litigation, the subpoena duces tecum should have been quashed and the protective order granted.
Where a plaintiff puts her physical condition at issue, the defendants may require that she submit to an IME by a physician retained by defendant for that purpose (CPLR 3121[a]; Chaudhary v Gold, 83 AD3d 477, 478 [1st Dept 2011]). It is well established that a plaintiff is entitled to have a representative of her choice present during the IME, provided the individual does not interfere with the IME or prevent the defendant's doctor from conducting "a meaningful examination" (Santana v Johnson, 154 AD3d 452, 452 [1st Dept 2017], citing Guerra v McBean, 127 AD3d 462 [1st Dept 2015]; Henderson v Ross, 147 AD3d 915 [2d Dept 2017]; Marriott v Cappello, 151 AD3d 1580 [4th Dept 2017]; see also Ramsey v New York Univ. Hosp. Ctr., 14 AD3d 349 [1st Dept 2005]; Jakubowski v Lengen, 86 AD2d 398, 400-401 [4th Dept 1982]).
The categories of representatives that a plaintiff is entitled to have present during the IME are broad. They include the plaintiff's attorney or law clerks from plaintiff's attorney's office (Jakubowski, supra), paralegals (Bermejo v New York City Health & Hosps. Corp., 135 AD3d 116 [2d Dept 2015]), interpreters (Henderson, supra), and in at least one case, a nurse (Marriott at 1583] [defendant's doctor improperly excluded a nurse hired to observe plaintiff's IME]). More recently, this Court clarified that a plaintiff can have an observer or "watchdog" present during the IME (Martinez v Pinard, 160 AD3d 440, 440 [1st Dept 2018]; Santana v Johnson, supra; Guerra v McBean, supra). No special or unusual circumstances need be shown in order for the IME observer to be present during the examination (Santana at 452). IME observers or "watchdogs" are typically hired by plaintiff's lawyers to assist their clients in filling out forms at the examining doctor's office. More importantly, according to plaintiff, the presence of an IME observer deters examining doctors hired by defendants from inquiring about matters beyond the scope of the particular action and keeps the IME process honest.
The specific question of whether an IME observer's notes etc., are discoverable, given CPLR 3101(a)'s broad umbrella of full disclosure, presents an issue of first impression for this Court. The issue has been addressed by the trial courts with varying results [FN1], requiring us to now [*3]clarify whether, and under what circumstances, such materials are protected from disclosure. The IME observer retained by plaintiff's attorney in this case is a college graduate. She has no formal training in any medical discipline, including orthopedics. No claim is made that she qualifies as an expert. Nor do defendants make any claim that the IME observer's presence either interfered with or impeded the defendants' doctor's examination of plaintiff or that the plaintiff's examination was in any way curtailed due to the IME observer's presence (see e.g. Santana, supra). Defendants do not identify in this record any information related to the plaintiff's IME that they cannot obtain from their own examining doctor.
The information contained in the IME observer's notes would generally be considered material and necessary for the prosecution or defense of the underlying action (CPLR 3101[a]). The dispute regarding whether the material is discoverable turns on whether it is otherwise protected by any privilege. Plaintiff, as the party resisting disclosure, has the burden of establishing that the material is covered by a protection (Forman v Henkin, 30 NY3d 656, 661-662 [2018]).
The information contained in the IME observer's notes and other materials are not protected by either the attorney-client or work product privileges (CPLR 3101[a][4]). The materials were not generated by plaintiff's attorney, nor were they used to communicate with the client or convey legal advice to her (see Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d 616, 624 [2016]).
The IME observer, however, is an agent of the plaintiff's attorney. Consequently, the requested notes and materials constitute materials prepared for trial, bringing them within the conditional or qualified privilege protections of CPLR 3101(d)(2). Materials prepared in anticipation of litigation and preparation for trial may be obtained only upon a showing that the requesting party has a "substantial need" for them in the preparation of the case and that without "undue hardship" the requesting party is unable to obtain the substantial equivalent by other means (CPLR 3101[d][2]; see also Forman at 661-662).
The IME observer was hired to assist plaintiff's attorney in advancing the litigation and preparing for trial (Hudson Ins. Co. v Oppenheim, 72 AD3d 489 [1st Dept 2010]). Although present, she was not involved in the doctor's examination of the plaintiff. Her function was to serve as the attorney's "eyes and ears," observing what occurred during the IME, and then reporting that information back to plaintiff's attorney.
Defendants have not shown, in response, any "substantial need" for the IME observer's notes, etc., or why they are unable, without undue hardship, to obtain the "substantial equivalent" of the materials by other means (id.; Forman at 661-662). Key to this analysis is that the defendants' doctor conducted plaintiff's examination and can provide defendants with any information concerning what generally occurred and what he did at the IME. In this case, the preliminary conference order required that defendants provide plaintiff with a copy of their doctor's IME report within 45 days of the examination. Defendants have not produced that report. There is no claim by defendants that they are unable to communicate with their own doctor about what transpired at the IME. In general, under these circumstances, defendants' access to their own doctor will seriously undermine any argument that there is a substantial need for the IME observer's materials because the information contained therein is not otherwise [*4]available without undue hardship (see Cornex, Inc. v Carisbrook Indus., 161 AD2d 376, 377 [1st Dept 1990]).
An important consideration in the Court's analysis is plaintiff's representation that the IME observer will not be testifying at trial on plaintiff's affirmative case. We are not deciding whether a different result would obtain were the IME observer expected to be, or actually is, called as a witness at any time during the case (Santana at 452). Moreover, contrary to defendants' argument, Santana does not stand for the blanket legal proposition that an IME observer is subject to discovery in all circumstances. In order to obtain discovery where an IME observer is not expected to testify at trial, there must be a showing that the substantial equivalent of the information is not otherwise available without undue hardship.
Accordingly, the order of the Supreme Court, New York County (Robert Reed, J.), entered on or about November 27, 2017, which, to the extent appealed from, denied plaintiff's motion for a protective order and to quash a subpoena duces tecum served on the individual who accompanied plaintiff to her medical examination by defendants' orthopedist should be reversed, on the law and the facts, without costs, the protective order granted, and the subpoena quashed.
All concur.
Order, Supreme Court, New York County (Robert Reed, J.), entered on or about November 27, 2017, reversed, on the law and the facts, without costs, the protective order granted, and the subpoena quashed.
Opinion by Gische, J. All concur.
Sweeny, J.P., Renwick, Gische, Kahn, Kern, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 19, 2019
CLERK



Footnotes

Footnote 1:See e.g. Sheehan v 30 Park Place Residential LLC, 2019 NY Slip Op 30026[U], 1, 2019 WL 120596 [Sup Ct, NY County 2019] [plaintiff's motion to quash subpoena duces tecum served on IME Watchdog Advocate denied because advocate was expected to testify at trial, presumably to rebut any inaccurate testimony from defendants' examining physicians]; Marks v 79th St. Tenants Corp., 2018 NY Slip Op 31431[U], 4, 2018 WL 3241902 [Sup Ct, NY County2018] [materials not attorney work product CPLR 3101[c] nor did they qualify for immunity under CPLR 3102[d][2]]; Gelvez v Tower 111, LLC, 2017 NY Slip Op 30071[U] [Sup Ct, NY County 2017], affd 166 AD3d 547 [1st Dept 2018] [watchdog's materials not attorney work product nor eligible for qualified privilege; however, defendants' motion to preclude the watchdog from testifying at trial denied and defendants allowed to depose the observer; our affirmance was solely on issues raised on appeal which did not concern the motion court's ruling that the materials did not qualify as privileged]; Barahona v Continental Hosts, Ltd., 59 Misc 3d 1001 [Sup Ct, NY County 2018] [IME observer's notes protected from discovery as attorney work product and because they were prepared in anticipation of litigation]; Katz v 260 Park Ave. S. Condominium Assoc., 2016 NY Slip Op 32821(U), 2016 WL 1597770 [Sup Ct, NY County 2016] [IME observer's materials held protected by the attorney work product doctrine]).