Gonzalez v Red Hook Container Term., LLC (2020 NY Slip Op 04924)





Gonzalez v Red Hook Container Term., LLC


2020 NY Slip Op 04924


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-11769
 (Index No. 512988/16)

[*1]Leonardo Gonzalez, respondent, 
v
Red Hook Container Terminal, LLC, appellant.


Betancourt, Van Hemmen, Greco & Kenyon LLC, New York, NY (Kristin K. Robbins and Jeanne-Marie D. Van Hemmen of counsel), for appellant. 
Morgan Levine Dolan, P.C., New York, NY (Duane R. Morgan of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 16, 2018. The order, insofar as appealed from, in effect, denied that branch of the defendant's motion which was to exclude any third parties from observing the plaintiff's medical examination by the defendant's expert.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2016, the plaintiff commenced this action against the defendant, Red Hook Container Terminal, LLC, seeking to recover damages for injuries he alleges he sustained in July 2015 when he fell approximately 10 to 15 feet from machinery at the Red Hook Terminal, which is owned and operated by the defendant. The plaintiff alleges, inter alia, that he sustained permanent brain injuries from the accident. The defendant sought a neuropsychological medical examination of the plaintiff to assess the plaintiff's mental status and to evaluate the existence of any cognitive impairments. When the plaintiff appeared for the examination, he requested that an individual from IME Watchdog, Inc. (hereinafter the third-party observer), be permitted to observe the examination. The defendant's doctor did not allow the third-party observer to be present and thus the plaintiff refused to proceed with the examination. The defendant then moved, inter alia, for an order compelling the plaintiff to undergo an examination without a third-party observer. In an order dated August 16, 2018, the Supreme Court, in effect, denied that branch of the defendant's motion which was to exclude the presence of any third parties from observing the examination. In October 2018, the plaintiff underwent the examination and the third-party observer was present. The defendant now appeals the denial of that branch of its motion and seeks to conduct a second examination without the presence of the third-party observer.
A plaintiff is entitled to have his or her attorney or other legal representative present during an examination as long as that individual does not interfere with the conduct of the examination (see Matter of Alexander L., 60 NY2d 329, 337; Ponce v Health Ins. Plan of Greater N.Y., 100 AD2d 963, 964). In 2017, in Henderson v Ross (147 AD3d 915, 916), this Court [*2]determined that a plaintiff's nonlegal representative may also be present during the examination, as long as that representative does not interfere with the conduct of the examination. The First and Fourth Departments also have permitted a plaintiff to have a third-party observer or watchdog, as well as other nonlegal representatives, be present during that plaintiff's examination unless a defendant establishes a justification for excluding that third-party observer or nonlegal representative (see Markel v Pure Power Boot Camp, Inc., 171 AD3d 28, 30; Martinez v Pinard, 160 AD3d 440, 440; Santana v Johnson, 154 AD3d 452, 452; Marriott v Cappello, 151 AD3d 1580, 1583).
Here, we agree with the Supreme Court's determination, in effect, denying that branch of the defendant's motion which was to preclude the third-party observer from attending the plaintiff's examination since the defendant failed to meet its burden of establishing that the third-party observer would interfere with the conduct of the plaintiff's examination (see Henderson v Ross, 147 AD3d at 916; Guerra v McBean, 127 AD3d 462, 462).
The parties' remaining contentions are without merit.
BALKIN, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court