Matter of Lexis B. (Natalia B.) (2022 NY Slip Op 03721)

Matter of Lexis B. (Natalia B.)

2022 NY Slip Op 03721

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2021-07543
 (Docket Nos. N-1916-21, N-1917-21)

[*1]In the Matter of Lexis B. (Anonymous). Administration for Children's Services, petitioner-respondent; Natalia B. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Joseph B. (Anonymous). Administration for Children's Services, petitioner-respondent; Natalia B. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)

Michael S. Discioarro, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Andrea Nishi of counsel), for petitioner-respondent.
Anne M. Serby, Long Beach, NY, attorney for the child Lexis B.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Margaret Morgan, J.), dated September 28, 2021. The order, insofar as appealed from, granted that branch of the petitioner's motion which was to preclude the mother's attorney from being present, either in person or electronically, during home visits conducted by the petitioner.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and that branch of the petitioner's motion which was to preclude the mother's attorney from being present, either in person or electronically, during home visits conducted by the petitioner is denied.
On or about March 3, 2021, the petitioner, Administration for Children's Services (hereinafter ACS), commenced related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the subject children. In an order dated March 12, 2021, made after a hearing, the Family Court directed, among other things, that pending the determination of the neglect proceedings, the mother "shall comply with all announced and unannounce [sic] visits by ACS." In September 2021, ACS filed an order to show cause seeking, inter alia, to preclude the mother's attorney from being present, either in person or electronically, during ACS home visits. In a supporting affidavit, Kara Johnson, a Child Protective Specialist for ACS, averred that during a visit to the mother's home on September 1, 2021, the mother's attorney could be seen and heard [*2]on FaceTime. Johnson indicated that she contacted her supervisor, who directed her to terminate the visit unless the attorney agreed to end the FaceTime call, and that she left when the attorney declined to end the call. In an order dated September 28, 2021, the court, among other things, granted that branch of ACS's motion which was to preclude the mother's attorney from being present, either in person or electronically, during home visits conducted by ACS. The mother appeals.
Where, as here, the Family Court issued an order temporarily releasing a child who is the subject of a neglect proceeding to a parent pending a final order of disposition (see Family Ct Act § 1027[d]), the order may include a direction for the parent to "cooperat[e] in making the child available for . . . visits by the child protective agency, including visits in the home" (id. § 1017[3]). However, there are no provisions of the Family Court Act—nor does ACS cite to any other authority—prohibiting a respondent in a proceeding pursuant to Family Court Act article 10 from having counsel present during a home visit. Thus, the respondent is not automatically prohibited from having an attorney—or any other individual—present in her home during the home visit, either in person or electronically.
Further, the respondent was not required to demonstrate that her attorney's presence during the home visit would not impair the effectiveness of the home visit (see generally Matter of Alexander L., 60 NY2d 329, 336-337). Rather, it is the burden of ACS to establish "justification . . . for exclusion of the [attorney]" (id. at 337). Contrary to ACS's contention, it failed to establish that the attorney's presence would prevent ACS from effectively conducting a home visit (see generally id.; Henderson v Ross, 147 AD3d 915, 916). While the mother's attorney should refrain from interrupting the ACS employee conducting the home visit and from interacting with the child during the visit, the limited instances of conduct by the mother's attorney set forth in Johnson's affidavit did not justify the attorney's exclusion during home visits.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, under the particular circumstances of this case, the Family Court improvidently exercised its discretion in granting that branch of ACS's motion which was to preclude the mother's attorney from being present, either in person or electronically, during home visits conducted by ACS.
CONNOLLY, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court