Domingo v 541 Operating Corp. (2023 NY Slip Op 02175)

Domingo v 541 Operating Corp.

2023 NY Slip Op 02175

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Renwick, A.P.J., González, Kennedy, Higgitt, JJ. 

Index No. 159457/18 Appeal No. 124 Case No. 2022-04881N 

[*1]Erin Domingo, Plaintiff-Appellant,
v
541 Operating Corp., et al., Defendants-Respondents.

Law Office of Dimitrios Kourouklis, PH.D., New York (Dimitrios Kourouklis of counsel), for appellant.
Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Matthew G. Corcoran of counsel), for 541 Operating Corp., respondent.
Kaufman Borgeest & Ryan LLP, Valhalla (Lisa E. Fleischmann of counsel), for Bidesh "Teddy" Persaud and Solutions America, LLC, respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about September 29, 2022, which granted defendants' motion to disqualify plaintiff's attorney Effimia Soter, Esq. and the Law Offices of Effie Soter, PC, as counsel, unanimously reversed, on the law, without costs, and the motion denied.
Defendants failed to establish that plaintiff's counsel's testimony was necessary and would not be cumulative so as to require disqualification of plaintiff's counsel and her firm (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 445-446 [1987]). Although the motion court determined that plaintiff's counsel's attendance and alleged interference at plaintiff's independent medical examination (IME) warranted disqualification because she could not act as both witness and advocate, disqualification is required "only where the testimony by the attorney is considered necessary and prejudicial to plaintiffs' interests" (Ullmann-Schneider v Lacher & Lovell-Taylor PC, 110 AD3d 469, 470 [1st Dept 2013]).
Plaintiff was entitled to have her counsel present at the IME, provided counsel did not prevent defendants' doctor from conducting "a meaningful examination," in part to deter the examining doctor "from inquiring about matters beyond the scope of the particular action" (Markel v Pure Power Boot Camp, Inc., 171 AD3d 28, 29-30 [1st Dept 2019] [internal quotation marks omitted]). Although defendants maintain that they have a right to call plaintiff's counsel as a witness based on the knowledge she obtained at the IME, and therefore her disqualification under Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.7 is required, defendants have not established that counsel's testimony would be necessary to their defense and not cumulative of the testimony that could be provided by the examining physician and plaintiff herself (see Matter of Segal v Five Star Elec. Corp., 165 AD3d 613, 613-614 [1st Dept 2018], lv denied 32 NY3d 919 [2019]). Because there is no basis for defendants to call counsel as a witness in these circumstances, rule 3.7(b)(1) of the Rules of Professional Conduct is not implicated, and counsel's firm should not have been disqualified. Contrary to defendants' contention, rule 3.4(d)(2), prohibiting an attorney from asserting personal knowledge of facts when appearing before a tribunal, does not apply here.
To the extent defendants urge that counsel's interference at the IME warranted disqualification, this argument is also unavailing (see e.g. Santana v Johnson, 154 AD3d 452, 452 [1st Dept 2017]). The examining physician completed a "meaningful examination" of plaintiff at the IME, reflected by the IME report in which he was able to opine with a reasonable degree of medical certainty as to the genesis of plaintiff's symptoms, and defendants have not established that they were prejudiced by the contents of the report based on counsel's alleged intrusions (id.). To the extent that further information is required [*2]to prepare a defense, the remedy is not disqualification of opposing counsel but rather to permit defendants to seek further discovery to obtain that information (see e.g. Guerra v McBean, 127 AD3d 462, 462-463 [1st Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023