Primero v Lee (2023 NY Slip Op 02801)

Primero v Lee

2023 NY Slip Op 02801

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-06895
2023-03745
 (Index No. 553854/21)

[*1]Fernando Primero, respondent,
v
Eleanor Lee, appellant.

Twyla Carter, New York, NY (Melina Sfakianaki and Dechert LLP [Thomas F. Munno], of counsel), for appellant.
Fernando Primero, Brooklyn, NY, respondent pro se.
Cheryl S. Solomon, Brooklyn, NY, attorney for the child.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated August 10, 2022, and a decision of the same court, also dated August 10, 2022. The order, insofar as appealed from, upon the decision, denied those branches of the defendant's motion which were (1) to enjoin a court-appointed forensic evaluator from requiring that the defendant submit written answers to a parenting survey or to allow the defendant to consult with counsel regarding the content of the parenting survey and responses to the questions contained therein prior to submitting written answers to the forensic evaluator, and (2) to preclude the parties from seeking the production of the written response to the parenting survey in any discovery request pursuant to CPLR article 31.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Matter of Ariana M. [Edward M.], 179 AD3d 923); and it is further,
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parents were married in 2016 and have one child, born in October 2016. The plaintiff commenced this action for a divorce and ancillary relief in October 2021. The Supreme Court appointed a mental health professional to conduct a forensic evaluation of the parties and the child (hereinafter the forensic evaluator). As part of the evaluation, the forensic evaluator requested that the defendant complete a parenting survey without consulting anyone, including her attorney. The defendant did not complete the survey and moved, inter alia, to enjoin the forensic evaluator from requiring that she submit written answers to the survey or to allow her to consult with counsel regarding the content of the survey and responses to the questions contained therein prior to submitting written answers to the forensic evaluator, and to preclude the parties from seeking the production of the written response to the parenting survey in any discovery request pursuant to CPLR article 31. The court, among other things, denied those branches of the motion. We affirm.
Contrary to the defendant's contentions, she was not deprived of her statutory right to counsel pursuant to Family Court Act § 262, nor were her constitutional due process rights violated, by the forensic evaluator's request that she complete a parenting survey without the assistance of her counsel. Even in those instances where counsel has been permitted to be present for a client's forensic examination in the context of a termination of parental rights proceeding (see Matter of Alexander L., 60 NY2d 329), or in the context of a preretention psychiatric examination (see Ughetto v Acrisha, 130 AD2d 12), it has been determined that "there is no right to the participation or assistance of counsel" (id. at 25), and counsel "who interferes in any way with the conduct of such examination may rightly be excluded" (id., citing Matter of Alexander L., 60 NY2d at 329; see also Matter of Lee v County Ct. of Erie County, 27 NY2d 432).
Accordingly, the Supreme Court properly denied the subject branches of the defendant's motion.
CONNOLLY, J.P., GENOVESI, VOUTSINAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court