| |
|---|
| **Reyes v 1650 Corp.** |
| 2025 NY Slip Op 30973(U) |
| March 28, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150353/2022 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. EMILY MORALES-MINERVA               PART                    42M

*Justice*

------------------------------------------------------------------------------X

ISABEL REYES,

| | |
|---|---|
| INDEX NO. | 150353/2022 |
| MOTION DATE | 03/28/2025 |
| MOTION SEQ. NO. | 001 |

Plaintiff,

- v -

1650 CORP., SILVER STAR PROPERTIES CORP.

**DECISION + ORDER ON MOTION**

Defendant.

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 38, 39

were read on this motion to/for                          DISCOVERY                          .

APPEARANCES:

Elefterakis, Elefterakis, & Panek, New York, NY (Philip Aaron Schultze, Esq., of counsel), for plaintiff.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (James Milrod Koblenzer, Esq., of counsel), for defendants.

EMILY MORALES-MINERVA, J.S.C.

In this personal injury action, defendants 1650 CORP. and SILVER STAR PROPERTIES CORP. (defendants), move, by notice of motion (sequence number 001), for an order (a) dismissing the complaint of plaintiff ISABEL REYES (plaintiff) pursuant to CPLR § 3126, or, in the alternative, an order (b) compelling plaintiff to appear for a further Independent Medical Examination (IME) pursuant to CPLR § 3124.

Plaintiff opposes and cross-moves for orders (a) striking defendants' answer pursuant to CPLR § 3126, and (b) finding that

**150353/2022   REYES, ISABEL vs. 1650 CORP. ET AL**                          **Page 1 of 11**
  **Motion No.  001**

[* 1]

the issue of notice is resolved in plaintiff's favor pursuant to CPLR § 3126.  Defendants oppose the cross-motion.

For the reasons set forth below, defendants' motion (seq. no. 001) is denied entirely; and plaintiff's cross-motion is denied entirely.

BACKGROUND

Plaintiff ISABEL REYES (plaintiff) resides at 570 West 193rd Street, Apt. 1D, New York, New York (apartment), which defendants 1650 CORP. and SILVER STAR PROPERTIES CORP. (defendants) own and/or lease (see id.).  She alleges that, on or around December 01, 2021, part of the ceiling in the subject apartment collapsed upon her, causing her injury (see New York State Court Electronic Filing System [NYSCEF] Doc. No. 001, Complaint).

Thereafter, on January 12, 2022, plaintiff commenced this negligence action against defendants (see id.).  Defendants answered, asserting 15 affirmative defenses (see NYSCEF Doc. No. 006, Answer).  Shortly thereafter, plaintiff submitted a verified bill of particulars and alleged significant injuries to her spine and left knee (see NYSCEF Doc. No. 25, Verified Bill of Particulars).

Defendants then disclosed their intent to call two expert witnesses at trial: Ramesh Gidumal, MD, an orthopedist, and Douglas Cohen, MD, a neurologist (see NYSCEF Doc. Nos. 25, 26, Defendants' Disclosures pursuant to CPLR § 3101[d]).

Douglas Cohen, MD (Dr. Cohen) conducted an Independent Medical Evaluation (IME) of plaintiff. Non-party Mark Rodriguez accompanied plaintiff during the examination and allegedly "refused" to allow plaintiff to answer certain questions. The posed questions were: if a hospital admitted plaintiff because of the incident; if plaintiff worked prior to or after the incident; and if plaintiff underwent surgeries prior to the incident (see NYSCEF Doc. No. 28, Dr. Cohen's IME Report). Despite receiving no answers to this inquiry, Dr. Cohen issued his IME report with a conclusion as to plaintiff's condition (see id.).

After a subsequent compliance conference, the court (L. Headley, J.S.C.), ordered, among other things, "defendants' deposition to be held on July 24, 2024; defendants to exchange all IME reports within 30 days; plaintiff to respond to defendants' post-EBT demands within 30 days; and plaintiff to serve post-EBT demands per CPLR" (NYSCEF Doc. No. 17, Compliance Conference Order, dated May 07, 2024). The court set a note of issue filing deadline of January 10, 2025 (see id.).

Now, almost a year after the compliance order, defendants

move (motion seq. no. 001) for (1) an order, pursuant to CPLR § 3126,[1] dismissing plaintiff's complaint, or, in the alternative, (2) an order, pursuant to CPLR § 3124,[2] compelling plaintiff to appear for another IME. Defendants make no arguments in support of their application to dismiss the complaint. As to their motion to compel, defendants essentially argue that non-party Mark Rodriguez's alleged interference with the IME caused them prejudice that can only be remedied through a second IME (see NYSCEF Doc. 21, Defendants' Affirmation in Support of Motion to Compel).

Plaintiff opposes the motion entirely, and cross-moves for an order (a) striking defendants' answer, pursuant to CPLR § 3126, for failing to respond to plaintiff's post-deposition demands, and (b) finding that the issue of notice is resolved in

---

[1] CPLR § 3126 provides, "If any party, or a person who at the time a deposition is taken or an examination or inspection is made is an officer, director, member, employee or agent of a party or otherwise under a party's control, refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed pursuant to this article, the court may make such orders with regard to the failure or refusal as are just, among them: 1. an order that the issues to which the information is relevant shall be deemed resolved for purposes of the action in accordance with the claims of the party obtaining the order; or 2. an order prohibiting the disobedient party from supporting or opposing designated claims or defenses, from producing in evidence designated things or items of testimony, or from introducing any evidence of the physical, mental or blood condition sought to be determined, or from using certain witnesses; or 3. an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party."

[2] CPLR § 3124 provides, "If a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order under this article, except a notice to admit under section 3123, the party seeking disclosure may move to compel compliance or a response."

plaintiff's favor pursuant to CPLR § 3126.

ANALYSIS

*DEFENDANTS' MOTION TO STRIKE COMPLAINT*

CPLR § 3126, which governs penalties for failure to disclose, provides:

> "[i]f any party, . . ., refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed pursuant to this article, the court may make such orders with regard to the failure or refusal as are just, among them: . . . 3. an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party."

Defendants merely cite this statute in the paragraph outlining the relief requested, presenting no support or reasoning for their contention that the court should dismiss this complaint (see NYSCEF Doc. No. 21, Affirmation in Support of Motion to Compel, ¶ 2). Given that defendants fail to allege plaintiff refused to comply with any order for disclosure, or set forth what, if any, information this court should find ought to be disclosed for purposes of a dismissal, their application mandates a plain denial.

The court next addresses defendants' motion, in the

[* 5]

alternative, to compel a second IME, given that defendants focus their arguments on such relief.

*DEFENDANTS' MOTION TO COMPEL*

CPLR § 3101 (a) generally governs here, directing that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof" (emphasis added). The "'statute embodies the policy determination that liberal discovery encourages fair and effective resolution of disputes on the merits, minimizing the possibility for ambush and unfair surprise'" (Forman v Henkin, 30 NY3d 656, 661 [2018], quoting Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376 [1991]).

Accordingly, our governing Court of Appeals has long "emphasized that '[t]he words, "material and necessary", are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for the trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Forman, 30 NY3d at 661, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406, [1968], citing Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 746 [2000]).

"Where a plaintiff puts her physical condition at issue, the defendants may require that she submit to an IME [pursuant to CPLR § 3121[3]] by a physician retained by defendant for that purpose" (Markel v Pure Power Boot Camp, Inc., 171 AD3d 28, 29 [1st Dept 2019], citing Chaudhary v Gold, 83 AD3d 477, 478 [1st Dept 2011]). Plaintiff is entitled to have a representative present at the IME, provided said representative does not prevent defendant's doctor from conducting a "meaningful examination" (Domingo v 541 Operating Corp., 215 AD3d 586, 587 [1st Dept 2023], citing Markel, 171 AD3d at 29-30 [1st Dept 2019]).

If a plaintiff fails to respond to or comply with any request, notice, demand, or order to appear for an additional IME, defendant may move to compel compliance with such (see generally CPLR § 3124; see also Kolodziejski v Jaskolka, 155 AD3d 1589, 1589 [4th Dept 2017]). "[I]t is within the trial

---

[3] CPLR § 3121 provides, as pertinent here, "After commencement of an action in which the mental or physical condition or the blood relationship of a party, or of an agent, employee or person in the custody or under the legal control of a party, is in controversy, any party may serve notice on another party to submit to a physical, mental or blood examination by a designated physician, or to produce for such examination his agent, employee or the person in his custody or under his legal control. The notice may require duly executed and acknowledged written authorizations permitting all parties to obtain, and make copies of, the records of specified hospitals relating to such mental or physical condition or blood relationship; where a party obtains a copy of a hospital record as a result of the authorization of another party, he shall deliver a duplicate of the copy to such party. A copy of the notice shall be served on the person to be examined. It shall specify the time, which shall be not less than twenty days after service of the notice, and the conditions and scope of the examination."

courts discretion to require a plaintiff to submit to more than one physical examination" (Chaudhary, 83 AD3d at 478, citing Brown v Metropolitan Transp. Auth., 256 AD2d 17, 18 [1st Dept 1998]).  Still, the party seeking the additional examination must demonstrate the necessity for it (Chaudhary, 83 AD3d at 478, citing Radigan v Radigan, 115 AD2d 466, 467 [2d Dept 1985]; see also Tucker v Bay Shore Stor. Warehouse, Inc., 69 AD3d 609 [2d Dept 2010] [finding that a further IME will not be required where the IME physician has been provided with relevant information despite plaintiff's refusal to answer certain questions]).

However, "no motion [relating to disclosure] shall be filed with the court unless there have been served and filed with the motion papers . . . an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion" (Uniform Civil Rules for the Supreme Court and County Court [22 NYCRR] § 202.7; see also 22 NYCRR § 202.20-f [governing disclosure disputes]).

Preliminarily, the court notes that defendants fail to submit a satisfactory affirmation of good faith.  The submitted affirmation does not indicate whether plaintiff failed to respond or comply with a demand for a further IME.  Further, the affirmation is devoid of the "time, place and nature of the consultation and the issues discussed and any resolutions"

[* 8]

pertaining to any alleged failure (148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co., 62 AD3d 486, 497 [1st Dept. 2009]; see also Amato v Verizon New York Inc., 205 AD3d 406 [1st Dept 2022]). Accordingly, the motion (seq. no. 001) to compel is denied.

In any event, the application to compel is unavailing. Defendants fail to establish that non-party Mark Rodriguez's advice to plaintiff -- that she refuse to answer certain questions of the doctor who rendered the examination -- interfered with the IME to the extent that it was no longer meaningful (see Guerra v McBean, 127 AD3d 462 [1st Dept 2015]). Dr. Cohen's examination of plaintiff included a myriad of medical information and records, and the doctor reached an unequivocal conclusion in his report (see NYSCEF Doc. No. 28, Dr. Cohen's Report [citing, among other things, review of the following medical records: report of an MRI of the lumbar spine; MRI of the left knee; neuropsychologic test; notes from "Dr. Apple"; evidence of physical therapy; evidence of chiropractic care; note from "Dr. Lerman"]).  Indeed, Dr. Cohen made no indication that his opinion following the IME was affected in any regard because he received no answer as to whether plaintiff was admitted to the hospital because of the incident, as to whether she was working before or after the incident, or as to whether she underwent any surgeries prior to the incident (see generally Kolodziejski, 155 AD3d at 1590 [finding that trial

[* 9]

court properly declined to compel plaintiff to undergo a second IME where the examining physician was able to reach a definitive conclusion and never indicated that said conclusion was affected by plaintiff's failure to perform certain tests]).  Finally, defendants are not prohibited from seeking answers to these questions in another context or form.

*PLAINTIFF'S CROSS-MOTION TO STRIKE ANSWER*

Where a failure or refusal to comply with an order to disclose exists, the "court may make such orders . . .  as are just," including "striking out pleadings or parts thereof" (see CPLR § 3126 [3]; see also Rodriguez v United Bronx Parents, Inc., 70 AD3d 492, 492 [1st Dept 2010] [providing: "A court may strike an answer only when the moving party establishes 'a clear showing that the failure to comply is willful, contumacious or in bad faith'" and finding failure to be willful and contumacious where the defendant repeatedly and persistently failed to comply with disclosure orders]).

Here, plaintiff has not established a pattern of defendants' willful non-compliance with discovery.  To the contrary, defendants responded to plaintiff's post-deposition demands, dated September 16, 2024, on January 24, 2025 (see NYSCEF Doc. No. 39, Defendants' Responses to Plaintiff's Post-

**150353/2022  REYES, ISABEL vs. 1650 CORP. ET AL**
  **Motion No.  001**

Page 10 of 11

[* 10]

EBT Demands). Therefore, at this time, no apparent reason exists to disturb the preference for "actions [being] resolved on the merits whenever possible" (Catarine v Beth Israel Med. Ctr., 290 AD2d 213 [1st Dept 2002]; see also Youwanes v Steinbrech, 193 AD3d 492 [1st Dept 2021]).

Accordingly, it is

ORDERED that motion (sequence no. 001) of defendants 1650 CORP. and SILVER STAR PROPERTIES CORP. is denied entirely; it is further

ORDERED that the cross-motion of plaintiff ISABEL REYES is denied entirely; it is further

ORDERED that the parties shall appear for a virtual status conference in Part 42M on May 19, 2025, at 12:00 P.M.

<u>3/28/2025</u>
**DATE**

**EMILY MORALES-MINERVA, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |